UNITED STATES of America, for the Use and Benefit of CARTER EQUIPMENT COMPANY, INC., Plaintiff-Appellee,

v.

H. R. MORGAN, INC. and National Indemnity Company, Defendants-Appellants.

No. 75–2362.

United States Court of Appeals, Fifth Circuit.

June 16, 1977.

Thomas W. Tyner, Hattiesburg, Miss., for H. R. Morgan & Nat'l Indemnity.

Francis T. Zachary, Hattiesburg, Miss., for H. R. Morgan.

Wm. H. Cox, Jr., Jackson, Miss., D. Gary Sutherland, Hattiesburg, Miss., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion January 10, 1977, 5 Cir., 1977, 544 F.2d 1271).

Before COLEMAN, GODBOLD and HILL, Circuit Judges.

PER CURIAM:

█ The Petition for Rehearing is GRANTED. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED. The appellee, Carter Equipment Co., Inc. (Carter), suggests in its petition for rehearing that our decision disallowing the recovery of attorney's fees in this Miller Act suit was erroneous. We agree and the following is to be substituted for the last paragraph of our prior opinion:

Finally, appellants insist that the district court erred in awarding attorney's fees to Carter. The issue is whether a contractual provision for attorney's fees between a subcontractor and its supplier is enforceable against the general contractor and its surety under the Miller Act. Carter asserts that since the equipment rentals provided for the recovery of attorney's fees,[3] this award is recoverable under the general terms of the payment bond,[4] interpreted with a view toward the liberal purpose of the Miller Act.

The relevant statutory language provides that "[e]very person who has furnished labor or material in the prosecution of the work provided for in such contract . . who has not been paid in full therefor . . . shall have the right to sue on such payment bond . . . for the sum or sums justly due him". 40 U.S.C.A. § 270b(a). It is important to note that the statute does not differentiate between the scope of coverage for the liabilities of subcontractors as opposed to the scope of coverage for the liabilities of general contractors. While the statute does impose some additional notice requirements on persons having no direct contractual relationship with the general contractor, insofar as financial coverage of the bond is concerned, a supplier of the subcontractor is equally as entitled to be "paid in full" for "the sums justly due him."

The Supreme Court allowed the recovery of attorney's fees in *United States ex rel.*

---

3. ATTORNEY'S FEES. Should it become necessary that Lessor employ an attorney to enforce any of the provosions (sic) of this Agreement, to take possession of the equipment covered hereby or any part thereof, or to recover any sum of money due hereunder, Lessor shall be entitled to recover such reasonable attorney's fees and expenses as shall be incurred in connection therewith.

4. The language relied upon provides:
   "NOW THEREFORE, if the Principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract, . . . ."

**166**

*Sherman v. Carter,* 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957). A provision for the award of attorney's fees was contained in a contract between the general contractor and the trustees of an employees' welfare fund. The Supreme Court held that the attorney's fees were "sums justly due" under the Miller Act. Since there appears to be no statutory basis for distinguishing between the recovery allowed to the supplier of a subcontractor and that of a person dealing directly with the general contractor, we conclude that attorney's fees are a recoverable item under this Miller Act bond. At least two other circuits have reached this same conclusion. *Travelers Indemnity Co. v. United States ex rel. Western Steel Co.,* 362 F.2d 896 (9th Cir. 1966); *D & L Construction Co. v. Triangle Electric Supply Co., Inc.,* 332 F.2d 1009 (8th Cir. 1964).

There is some authority in this circuit which would support a contrary conclusion. The court in *United States ex rel. Mississippi Road Supply Co. v. Morgan,* 542 F.2d 262 (5th Cir. 1976), posited that "[e]ven under the more liberal rules of construction applicable in Miller Act cases, precedent indicates that the terms of this bond would not support an award of attorney's fees." *Id.* at 269. However, the *Mississippi Road Supply* court was concerned with a hybrid bond that was neither fish nor fowl. The court merely recited this circuit's position with regard to Miller Act bonds as reflected in *Transamerica Insurance Co. v. Red Top Metal Inc.,* 384 F.2d 752 (5th Cir. 1967). The Supreme Court subsequent to *Red Top Metal* disapproved of our practice of looking to state law for resolution of the attorney's fee issue. *F. D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). Of course, we are bound to apply the decision in *F. D. Rich* to the instant suit and upon application of purely federal law we conclude that the contractual provision for attorney's fees in this case is enforceable under the Miller Act bond.

REVERSED and REMANDED.