**IBEX INDUSTRIES, INC., Plaintiff,**

v.

**COAST LINE WATERPROOFING, et al., Defendants.**

Civ. A. No. 82–751.

United States District Court, District of Columbia.

April 29, 1983.

---

Morris Kletzkin, Washington, D.C., for plaintiff.

Irving L. Chasen, Washington, D.C., Martin J. Cohen, New York City, for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiff, Ibex Industries, Inc., t/a Washington Roofing Products Co. ("Ibex" or "Washington Roofing Products Co."), brought this action against defendants Coast Line Waterproofing Co., Inc., ("Coast Line"), Edward Kirby, Sr., Iris Kirby, Edward Kirby, Jr., Bromley Contracting Co., Inc., ("Bromley") and Continental Insurance Co. ("Continental") under the Miller Act, 40 U.S.C. § 270a and 270b as amended. Ibex alleges that defendant Coast Line failed to pay for materials which were used to renovate the "Elephant House" at the National Zoological Park in Washington, D.C. Default judgments have been entered against Coast Line, Edward Kirby, Sr., Iris Kirby, and Edward Kirby, Jr. Therefore, the instant action involves only defendants Bromley and Continental.

A trial was held in this action on April 25, 1983. The Court heard testimony from the following witnesses: Ian Kramer, President of Ibex; James Kaufman, Corporate Secretary and Treasurer of Ibex; James Quade, truck driver at Washington Roofing Products Co.; Michael Eldrige, truck driver at Washington Roofing Products Co.; Carl Bleakney, Territory Manager at Koppers Co.; Robert Hall, Counter Sales Manager at Washington Roofing Products Co.; and Melvin Bloom, Vice-President and General Superintendent at Bromley.

## FINDINGS OF FACT

Ibex is a corporation organized and existing under the laws of the District of Columbia. It is a supplier of roofing materials.

Defendant Bromley is a corporation organized and existing under the laws of New York. Defendant Coast Line is a corporation organized and existing under the laws of Virginia and is authorized to do business in the District of Columbia. Defendant Continental is a corporation organized and existing under the laws of New York. It is the surety that executed the payment bond in this case.

Defendant Bromley entered into a contract with the United States by and through the Smithsonian Institution to perform certain construction work on the "Elephant House" at the National Zoological Park. *See* Plaintiff's Exhibit 7. Defendants Continental and Bromley executed and delivered a payment bond to the United States for the protection of all persons supplying labor and materials pursuant to this contract, in accordance with the Miller Act, 40 U.S.C. § 270a. *See* Plaintiff's Exhibit 7.

Subsequently, defendant Bromley entered into an agreement with Coast Line wherein Coast Line was to provide the labor, material, and equipment necessary to complete the construction contract. The contract called for the following work to be performed:

> removal of existing roofing, replacement with new insulated room [sic] membrane assembly, associated roofing work, removal of skylight frames and replacement of broken skylight glass . . . .

*Id.*

Defendant Coast Line purchased materials, tools, and equipment on account from plaintiff on several occasions between October 1, 1981 and January 4, 1982. *See* Plaintiff's Exhibits 1B, 1C, 1D, 1E, 1F, 1G, 1H, 1I, 1J, 1L, 1M, 1N, 1O, 1Q, 1R, 1S, 1U (plaintiff's invoices). In consideration of plaintiff's extension of credit to Coast Line,

the individual defendants, the Kirbys, executed an agreement with plaintiff wherein they each personally guaranteed payment to plaintiff of any indebtedness incurred by Coast Line. *See* Exhibit A attached to Amended Complaint. The agreement provides for payment of interest at the rate of six percent per annum as well as costs and attorneys fees of fifteen percent. *Id.*

The majority of the materials used to renovate the Elephant House were delivered by the plaintiff. The other materials were either picked up by defendant Coast Line or shipped directly to the job site by the manufacturer. Plaintiff has not been paid for any of these materials.

The following items ordered by Coast Line pursuant to this contract constitute tools or equipment:

| Plaintiff's Exhibit | Item | Cost |
|---|---|---|
| 1B | Brush and Hose | $ 55.65 |
| 1C | 2 Axes | 42.58 |
| | 2 Wheel Barrows | 162.00 |
| 1E | Goss Burner (complete) | 86.00 |
| | 2 Hoses | 39.20 |
| 1G | 5 Pairs Goggles | 20.50 |
| | Hammer | 23.85 |
| 1J | Ladder Vator | 1,395.90 |
| | Gravel Hopper | 188.10 |
| 1M | Mop Handle | 13.90 |
| | Total: | $ 2,027.68 |

The last order placed by defendant Coast Line in connection with this contract was made on January 4, 1982. *See* Plaintiff's Exhibit 1T. On or about January 18, 1982, plaintiff served written notice on defendants Bromley and Continental that it was owed $25,365.32 for materials supplied to Coast Line. It sought Continental's help, as the surety, in resolving this matter in an attempt to preclude bringing suit under the Miller Act. *See* Plaintiff's Exhibits 4 & 5.

Plaintiff was unable to resolve this matter and filed this action on June 17, 1982, to recover the costs of materials delivered to Coast Line pursuant to the construction contract.[1]

---

1. Plaintiff originally sought $26,083.50 but now is seeking $25,057.31. It concedes that some of the materials delivered to the job site constituted equipment, *i.e.*, the wheelbarrows, torch (goss burner), ladder vator and gravel hopper, and has deleted these costs. *See* Plaintiff's Findings of Fact at ¶ 14.

## CONCLUSIONS OF LAW

This Court has jurisdiction over the parties and the subject matter of this action pursuant to 40 U.S.C. § 270a–270d.

■ The Miller Act, 40 U.S.C. § 270b, enables persons supplying labor and materials to recover on a payment bond secured by the principal contractor of a federal government project. *United States for Use of John D. Ahern Co., Inc. v. J.F. White Contracting Co.,* 649 F.2d 29, 31 (1st Cir. 1981). Section 270b states in pertinent part:

> (a) . . . any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.
>
> (b) . . . no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied to him.

Plaintiff has met the conditions precedent to a right of action under the Miller Act. The last materials were delivered to the job site on January 4, 1982 and plaintiff provided written notice to Bromley and Continental on or about January 18, 1982, well within ninety days from the date the last of the materials were delivered. This notice also stated the amount claimed with substantial accuracy and the notice to Bromley indicated that these materials had been furnished to Coast Line. *See* Plaintiff's Exhibits 4 & 5. Finally, plaintiff instituted the instant suit within one year after the last materials were supplied.

Defendants Bromley, as the principal, and Continental, as the surety, are liable to plaintiff for the costs of the materials delivered to Coast Line at the job site, pursuant to the payment bond they entered into on August 11, 1981. *See* Plaintiff's Exhibit 7.

Bromley and Continental contend, however, that (1) the materials ordered by and delivered to defendant Coast Line were in excess of the requirements of the contract; (2) some of the materials were utilized on a different project which Coast Line was working on at the same time; and (3) some of the materials that were delivered to Coast Line were not recoverable under the Miller Act because they constituted tools and equipment which were not consumed during the construction project.

■ The Court finds no merit in defendants' first two contentions. Defendants failed to introduce any credible evidence that excess materials were delivered to the job site or that some of the materials were used on a different project. Moreover, "a materialman need not prove that his material was actually installed by the subcontractor . . . . He may recover upon showing a reasonable, good faith belief that the subcontractor intended the material for the government job." *United States for the Use of Pomona Tile Manufacturing Co. v. Kelley,* 456 F.2d 148, 151–52 (9th Cir.1972) (case citations omitted). "Nor is diversion of materials a valid defense if the supplier has acted in good faith." *United States for the Use and Benefit of Carlson v. Continental Casualty Co.,* 414 F.2d 431, 433 (5th Cir.1969) (case citations omitted). The Court finds that plaintiff has made an adequate showing that all of the materials listed on the invoices were delivered to Coast Line. Therefore, defendants Bromley and Continental are chargeable with their cost, less the cost of tools and equipment. *See* discussion *infra.*

■ The Court, however, does find merit in defendants' third contention. Plaintiff cannot recover costs under the Miller Act for equipment that was not "sub-

stantially consumed" during the construction project. *United States for the Use and Benefit of J.P. Byrne & Co., Inc. v. Fire Association of Philadelphia,* 260 F.2d 541, 544 (2d Cir.1958). To determine which items fall into this category, the Court focuses on the degree of expected consumption of the items on the particular job. *Id.* (case citations omitted). In the instant case, the Court finds that the wheelbarrows, goss burner, ladder vator, and gravel hopper constitute equipment which would not be expected to be substantially consumed during the construction project. Thus, the cost of this equipment cannot be recovered by plaintiff. Moreover, the cost of tools may not be claimed under the Miller Act. *United States for the Use and Benefit of I. Burack, Inc. v. Sovereign Construction Co., Ltd.,* 338 F.Supp. 657, 661–62 (S.D.N.Y.1972). Therefore, the Court finds that the following items also are not materials for purposes of the Miller Act: brush and hose, two axes, two hoses, five pairs of goggles, one hammer, and one mop handle. The combined cost of the excluded equipment and tools is $2,027.68. *See* itemized list in Findings of Fact, *supra.* Deducting the cost of these items as well as the tax added to the invoices, *see* 42 U.S.C. § 270a, the Court finds that plaintiff is entitled to recover $22,199.20.

Plaintiff also is entitled to recover prejudgment interest at the rate of six percent on the unpaid balance due and owing for the materials furnished under this construction contract. The interest will be computed from the date of each invoice. *See* Plaintiff's Exhibits 4 & 5.

The Court arrives at this rate of interest based on the facts of the case. Defendants Edward Kirby, Sr., Iris Kirby, and Edward Kirby, Jr. entered into a "confess judgment account" with plaintiff in order to obtain the necessary materials for the contract on credit. They agreed that in the event of non-payment, judgment would be entered against them, including interest at the rate of six percent per annum. Exhibit A attached to Complaint. The Court finds this agreement controlling rather than the rate of interest which is printed on each invoice, *i.e.,* one and one-half percent a month. *See* D.C.Code § 15–108; *Giant Food, Inc. v. Jack I. Bender & Sons,* 399 A.2d 1293 (D.C. App.1979). Therefore, a six percent per annum rate of prejudgment interest on the unpaid balance owed to plaintiff from the date of each invoice will be awarded.

Finally, the Court finds that plaintiff is entitled to reasonable attorneys' fees incurred in this action. The "confess judgment account" also provides that attorneys' fees of fifteen percent are to be awarded against defendants in the event of a confess judgment. Exhibit A attached to Complaint. Moreover, attorneys' fees are a recoverable item under the Miller Act as "sums justly due." *United States for the Use and Benefit of Carter Equipment Co., Inc. v. H.R. Morgan, Inc.,* 554 F.2d 164, 166 (5th Cir.1977). Therefore, the Court will award attorneys' fees of fifteen percent of the judgment in the amount of $3,329.88.

In accordance with the above, judgment is entered for plaintiff in the amount of $22,199.20 for materials furnished to Coast Line. Plaintiff also is awarded interest of six percent per annum from the date of each invoice to the date of this judgment, attorneys' fees of fifteen percent of the judgment, in the amount of $3,329.88, and costs.