876 F.2d 92
 35 Cont.Cas.Fed. (CCH) 75,680
 UNITED STATES of America for Use and Benefit of SOUTHEASTERN
MUNICIPAL SUPPLY CO., INC., Plaintiff-Appellee,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG,
Defendant-Appellant.
Harvestor's Construction Group, Inc., and Jackson
Mechanical, Inc., Defendants.
 No. 88-5816.
 United States Court of Appeals,
Eleventh Circuit.
 June 27, 1989.
 
 Robert K. Tucker, Kimbrell & Hamann, and J. Steven Hudson, Miami, Fla., for defendant-appellant.
 Michael A. Linsky, Tampa, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The question presented is whether, in an action where there is a contractual provision between a supplier (Southeastern Municipal Supply Co.) and a subcontractor (Jackson Mechanical, Inc.) for the recovery of attorney's fees, that provision is enforceable under the Miller Act, 40 U.S.C. 270b (1986)[1], against the contractor (Harvestor's Construction Group) and its surety (National Union Fire Insurance Co.). This court answered the question in the affirmative in United States f/u/b/o Carter Equipment Co., Inc. v. H.R. Morgan, Inc., 554 F.2d 164 (5th Cir.1977). And, we follow that holding.
 
 
 2
 The Morgan court considered Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957), in which the Court determined that, where a contract between general contractor and trustees of employee's welfare fund provided for award of attorney's fees, attorney's fees are "sums justly due" under Miller Act. The Morgan court stated, "Since there appears to be no statutory basis for distinguishing between the recovery allowed to the supplier of a subcontractor and that of a person dealing directly with the general contractor, we conclude that attorney's fees are a recoverable item under this Miller Act bond." Morgan, 554 F.2d at 166.
 
 
 3
 It is true that language in United States f/u/b/o/ Krupp Steel Products, Inc. v. Aetna Insurance Co., 831 F.2d 978, 983-84 (11th Cir.1987), appears to reach the opposite conclusion.[2] That language, however, is merely dictum: words addressed to a question suggested by the case before the court, but not necessarily involved in the case or essential to its determination. We note, for example, that the court's discussion of the attorney's fees issue begins with, "[a]lthough our reversal of the summary judgment below obviates the issue [of attorney's fees] at this stage of the proceedings, a few comments now may be relevant for later proceedings." Id. at 983. A case is authority only for what it actually decides, and Krupp did not decide the question before us today.
 
 
 4
 We conclude that the Morgan decision is controlling on the issue now before this court; the district court did not err in awarding attorney's fees to the supplier, Southeastern Municipal Supply Company, in this Miller Act lawsuit.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Section 270b states: "Every person who has furnished labor or material ... and who has not paid in full ... shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid ... and to prosecute said action to final execution and judgment for the sum or sums justly due him...."
 
 
 [2]
 None of the litigants in Krupp called the Krupp panel's attention to the Morgan holding. In fact, Morgan was not even cited to the Krupp court. Our discussion of imperfect advocacy is not intended to excuse judicial failure to notice precedent, but to remind all participants in the adversarial legal system of our country that "the quality of decisions rendered by the judiciary depends in large part on the quality and correctness of arguments made and supported by the litigants." United States v. Castro, 837 F.2d 441, 442 n. 1 (11th Cir.1988)