The UNITED STATES of America for the Use of L.K.L. ASSOCIATES, a general partnership, Plaintiff,

v.

CROCKETT & WELLS CONSTRUCTION, INC., a Utah corporation; Briant H. Crockett, Becky Crockett, and David V. Wells, individually and as co-partners, dba Crockett & Wells Construction; Finnegan Dry Wall, Inc., an alleged Utah corporation; Jack E. Finnegan, Linda Finnegan and Molly Finnegan, individually and as co-partners, dba Finnegan Dry Wall Co. and dba Finnegan Dry Wall, Inc.; and Reliance Insurance Company, a Pennsylvania corporation, Defendants.

No. 89–C–0370–S.

United States District Court,
D. Utah, C.D.

Feb. 5, 1990.

Robert L. Lord, Salt Lake City, Utah, for plaintiff.

Scott S. Kunkel, Hatch, Morton & Skeen, Salt Lake City, Utah, for Finnegans.

Paul R. Howell and Mark R. Madsen, Howell, Fetzer & Hughes, Salt Lake City, Utah, for Reliance Ins. Co.

## MEMORANDUM RULING

SAM, District Judge.

This action is before the court on the objection of plaintiff United States of America for the use of L.K.L. Associates (LKL) to the magistrate's R & R denying L.K.L.'s motion for summary judgment on the attorneys' fees issue and granting the motion of defendants Crockett & Wells Construction, et al. (Crockett & Wells), for summary judgment on the same issue. After hearing oral argument and reviewing the parties' memoranda, the court concurs in the R & R's conclusion that LKL is not entitled to attorneys' fees under the Miller Act, 40 U.S.C. §§ 270a–270d.

### I. *Facts*

Crockett & Wells was the general contractor on a government project to remodel the Veterans' Administration Hospital. Jack Finnegan d/b/a Finnegan Dry Wall Co. was a subcontractor on the project who purchased drywall gypsum boards under a supply contract with LKL. Finnegan defaulted on his supply contract, which provided for attorneys' fees. The magistrate granted LKL's motion for default judgment against Crockett and Wells but denied LKL's motion for attorneys' fees, ruling the Miller Act (the purpose of which is to protect suppliers of labor and material for public projects) requires that each party pay its own attorneys' fees unless the contract *between* the parties should provide

otherwise. Relying on *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the magistrate concluded the Act does not apply here because there was no privity of contract between Crockett & Wells and LKL. Reliance Insurance Company, the bond surety, offered a consent judgment of $1,000 but refused to pay LKL attorneys' fees for the same reason the magistrate did not grant them.

## II. *Discussion*

In *F.D. Rich*, the Supreme Court upheld the "American Rule" which is that each party will bear its own costs absent a statute or contractual provision to the contrary. *See* 417 U.S. at 128–29, 94 S.Ct. at 2164. Crockett & Wells asserts the proper interpretation of *F.D. Rich* is found in *Krupp Steel Products, Inc. v. Aetna Insurance Co.*, 831 F.2d 978 (11th Cir.1987), where the Eleventh Circuit held a supplier to a subcontractor is not entitled to attorneys' fees under the Miller Act. LKL responds that *Krupp* is the minority position and contends a Fifth Circuit case, *United States, Etc. v. H.R. Morgan, Inc.*, 554 F.2d 164, 165 (5th Cir.1977), sets out the better view that the supplier of a Miller Act subcontractor is entitled to attorneys' fees even though no contract existed between the supplier and the general contractor.

The facts in *F.D. Rich* are similar to the instant facts. F.D. Rich was the general contractor and Cerpac the subcontractor on a federal housing project. Cerpac contracted with Industrial Lumber for the purchase of supplies used in the project. (The agreement between Cerpac and Industrial did not contain an attorneys' fees provision.) Industrial Lumber sought damages and attorneys' fees under the Miller Act after Cerpac defaulted on the supply contract. The district court granted Cerpac judgment but denied it attorneys' fees. The Court of Appeals affirmed the judgment and held Industrial Lumber, as a successful Miller Act plaintiff, was entitled to attorneys' fees. The Supreme Court also affirmed the judgment but reversed the Court of Appeals on the attorneys' fees question, rejecting Industrial's invitation to broaden judicially the scope of the Miller Act by entitling subcontractors' suppliers to attorneys' fees absent the requisite contract provision. *F.D. Rich* specifically concluded Cerpac was a subcontractor and its supplier, Industrial, was not entitled to payment of attorneys' fees. 417 U.S. at 129, 94 S.Ct. at 2165. This court does not believe the result would have been different had the agreement between Cerpac and Industrial contained an attorneys' fees provision.

Consequently, the court considers the following language from *Krupp* an accurate interpretation of *F.D. Rich*:

> The Miller Act does not itself provide for attorneys' fees. The Supreme Court decided that, in the absence of statutory or contractual guidance, the commercial aspect of Miller Act cases should not allow an exception to the American rule: Parties must pay their own ways as far as legal costs. *F.D. Rich Co.*, [417 U.S. at 116, 94 S.Ct. at 2159]. In this case there are contractual terms that designate attorneys' fees. All delivery tickets for the steel stated in the sales agreement on the back and all invoices stated that the supplier could recover attorneys' fees in case of nonpayment for the goods. But although such statements are considered enforceable terms of agreement, UCC § 2–207, this agreement was between [the supplier] and [the subcontractor], not [the supplier] and [the general contractor].... [The subcontractor] is sufficiently removed from [the general contractor] that one would not expect an agreement to be made between [the supplier] and [the general contractor]. However, the core question is whether the attorneys' fees are part of the protection a surety owes a supplier under the Miller Act.
>
> We return to the Supreme Court's reasoning in *F.D. Rich* and note the unwillingness of the Court to include attorneys' fees as part of the sum to make the supplier whole. 417 U.S. at 130–31, 94 S.Ct. at 2165–66. With no express agreement between [the supplier] and [the general contractor], nor any express agreement between [the subcontractor]

and [the general contractor] on behalf of [the supplier], it would be inappropriate to create an exception to the American Rule in this case. [The supplier] must carry its own attorneys' costs....

*Krupp*, 831 F.2d at 983–84. The Tenth Circuit implicitly followed *Krupp* in *C.J.C., Inc. v. Western States Mechanical Contractors, Inc.*, 834 F.2d 1533, 1542–43 (10th Cir.1987) (subcontractor cannot recover attorneys' fees absent a provision in the contract or an exception to the American Rule, such as a showing of bad faith or substantial benefit to a large group of litigants). *C.J.C., Inc.* states, "Absent a provision in the contract or payment bond awarding attorneys' fees, a Miller Act plaintiff may only recover under one of the federally recognized 'exceptions to the general principle that each party should bear the costs of its own legal representation.'" *Id.* at 1542–43 (citations omitted). This court interprets *C.J.C., Inc.* as holding that the attorneys' fees provision must be included in either the *general* contract or the payment bond. Thus the court concludes LKL is not entitled to attorneys' fees under the Miller Act because the general contract between Crockett & Wells and Finnegan did not contain an express attorneys' fees provision on LKL's behalf.

### III. *Conclusion*

For these reasons, the court adopts the magistrate's recommendation by denying L.K.L.'s motion for summary judgment and granting Crockett & Wells' motion for summary judgment on the attorneys' fees issue.