**UNITED STATES of America, for the Use and Benefit of TRUSTEES OF the COLORADO LABORERS HEALTH AND WELFARE TRUST FUND, Plaintiffs,**

v.

**EXPERT ENVIRONMENTAL CONTROL, INC., a Missouri corporation, John Bowman, Inc., a Colorado corporation, and American States Insurance Company, an Indiana corporation, Defendants.**

Civ. A. 89–K–656.

United States District Court, D. Colorado.

March 5, 1992.

Timothy J. Parsons and David B. Seserman, Denver, Colo., for plaintiffs.

Ralph A. Braden, Jr., Colorado Springs, Colo., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KANE, Senior District Judge.

This matter is before me on the motion by the Trustees of the Colorado Laborers Health and Welfare Fund (Trustees) for summary judgment in an action under the Miller Act, 40 U.S.C. §§ 270a–270c. The Trustees argue that the general contractor, John Bowman, Inc. (Bowman), and its surety, the American States Insurance Company (American States), are obligated under a Miller Act payment bond for contributions to a multiemployer employee benefit plan that Bowman's subcontractor, Expert Environmental Control, Inc. (Expert Environmental), failed to pay. Bowman and American States concede that they owe the Trustees for the unpaid benefits, plus interest and liquidated damages. They argue, however, that they are not liable for attorney fees under the Miller Act because the contract between Bowman and Expert Environmental does not provide for such fees. For the following reasons, I grant in part the motion for summary judgment and deny it in part.

### I. *Facts.*

In 1987, Bowman was awarded a government contract for asbestos abatement work at Fort Carson, Colorado. In accordance with the contract and the Miller Act, Bowman provided a payment bond issued by American States. Under the bond, Bowman and American States bound themselves jointly and severally to pay for all labor and services supplied on the project. Bowman engaged Expert Environmental as a subcontractor for certain asbestos removal work.

Between November 1987 and May 1988, employees of Expert Environmental worked at the Fort Carson project. During that time Expert Environmental executed an agreement with the Colorado Laborers District Council. Under that agreement, Expert Environmental was required to make contributions to the Colorado Laborers Health and Welfare Trust Fund at the hourly rate established in a statewide collective bargaining agreement for laborers. Expert Environmental failed to make these contributions, disputing that it was bound by the agreement. As a result, the Fund was owed $4,374.10 for unpaid benefits, plus liquidated damages, interest and costs of collection.

In June, 1988, the Trustees made written demand for payment under the bond on Bowman. Bowman ignored the demand, and on April 17, 1989, the Trustees instituted this action to recover the above sums from Bowman, American States and Expert Environmental. By motion of the defendants, the action was stayed on July 21, 1989, pending the outcome of a related proceeding before the National Labor Relations Board (the NLRB action). In the NLRB action, the Colorado Laborers District Council and an affiliated local union brought unfair labor practice charges against Expert Environmental, seeking, *inter alia*, payment of the unpaid fringe benefit contributions. The stay was lifted on November 14, 1990, after the NLRB issued a decision favorable to the District Council. The NLRB's decision was enforced by a judgment entered by the Tenth Circuit on August 28, 1990.

On December 18, 1990, the Trustees obtained a default judgment against Expert Environmental when the company failed to obtain new counsel after its attorney withdrew. The Trustees then filed the instant motion for summary judgment on March 15, 1991, claiming they are entitled to judgment as a matter of law against Bowman and American States. In their response to the motion, Bowman and American States do not contest the principal amount of the Trustees' claim or their liability for interest and liquidated damages. Instead, they argue they are not liable for attorney fees under the Miller Act and, alternatively, if fees are awarded their liability is limited to those incurred in this action and not in the NLRB action. Since there are no disputed issues of material fact, summary judgment is appropriate. *See Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991).

## II. *Issues.*

■ The central issue in this case is whether a general contractor and its Miller Act surety are liable to a third party for attorney fees due from a subcontractor when the terms of the subcontractor's agreement with the third party provide for such fees. In *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 126, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974), the Supreme Court held that the "American Rule" governing attorney fees in litigation in the federal courts applied in Miller Act cases. Under that rule, "attorneys' fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967)). Since the Miller Act does authorize an award of attorney fees and there was no provision concerning fees in contracts at issue in *F.D. Rich*, the Court denied the plaintiff's request for attorney fees in that case. *Id.* 417 U.S. at 126–131, 94 S.Ct. at 2163–2166.

Unlike *F.D. Rich*, here there is both a contract and a statutory provision authorizing an award of attorney fees to the Trustees. Expert Environmental's written agreement with the Colorado Laborers District Council incorporated by reference certain terms of the statewide collective bargaining agreement governing laborers on the project. Under the collective bargaining agreement, Expert Environmental was required to make contributions to the Colorado Laborers Health and Welfare Trust Fund and could be held liable to the Trust for unpaid contributions, interest, liquidated damages and attorney fees under the terms of the Trust. The Supreme Court has recognized that the trustees of an employee benefit fund have standing under the Miller Act to seek such payments on behalf of employees. *See United States ex rel. Sherman v. Carter*, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957).

In addition, under the Employee Retirement Income Security Act of 1974 (ERISA), an employer who fails to make contributions to an employee benefit plan under the terms of a collective bargaining agreement violates ERISA and is subject to a collection action. *See* 29 U.S.C. § 1145. If judgment is entered in favor of the plan or its fiduciaries, ERISA authorizes the court to award, in addition to unpaid contributions, interest and liquidated damages, "reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id.* § 1132(g)(2).

Bowman and American States argue that the above terms of the collective bargaining agreement and ERISA are inapposite because there must be a statute or agreement between Expert Environmental and Bowman or American States that speaks to the issue of attorney fees. They rely on *United States ex rel. L.K.L. Assocs. v. Crockett & Wells Construction, Inc.*, 730 F.Supp. 1066 (D.Utah 1990), and *United States ex rel. Krupp Steel Products, Inc. v. Aetna Insurance Company*, 831 F.2d 978 (11th Cir.1987) (*Krupp I*). In the latter case, the Eleventh Circuit observed in dicta that a supplier to a subcontractor would not be entitled to attorney fees because there was no direct agreement between the general contractor and the subcontractor or the general contractor and the supplier permitting the award of attorney fees. 831 F.2d at 984.

The Eleventh Circuit has subsequently abandoned this reasoning and has adopted the rule that a general contractor and its surety must pay attorney fees when there is an agreement between a subcontractor and the claimant providing for such fees. *See United States ex rel. Southeastern Mun. Supply Co. v. National Union Fire Ins. Co.*, 876 F.2d 92, 93 (adopting rule), *reh'g denied*, 886 F.2d 1322 (11th Cir.1989); *United States ex rel. Krupp Steel Prods. v. Aetna Ins. Co.*, 923 F.2d 1521, 1527 (11th Cir.1991) (expressly repudiating "the suggestion in *Krupp I* that a contractual provision between a supplier and a subcontractor for the recovery of attorney's fees is not enforceable under the Miller Act against the general contractor or its surety"). A majority of courts also follow this approach. *See, e.g., Gergora v. R.L. Lapp Forming, Inc.*, 619 F.2d 387, 391 (5th Cir.

1980) (state law case looking to federal law under Miller Act); *United States ex rel. Carter Equip. Co. v. H.R. Morgan, Inc.,* 554 F.2d 164, 166 (5th Cir.1977); *Travelers Indem. Co. v. United States ex rel. Western Steel Co.,* 362 F.2d 896, 899 (9th Cir. 1966); *Ibex Indus., Inc. v. Coast Line Waterproofing,* 563 F.Supp. 1142 (D.D.C. 1983). Thus, the continued vitality of *Crockett & Wells,* which takes its direction from *Krupp I,* is dubious.[1]

■ For these reasons, I hold that the Trustees are entitled to summary judgment insofar as they seek attorney fees incurred in this action. The Trustees are not entitled to recover attorney fees resulting from the NLRB action. The primary purpose of that proceeding was to remedy unfair labor practices unrelated to the Trustees' Miller Act claim. While the NLRB ordered Expert Environmental to make the required contributions, that was tangential to the primary thrust of the NLRB's ruling. It would be unfair and inequitable to require Bowman and American States to bear the fees for that action. *See United States ex rel. C.J.C., Inc. v. Western States Mechanical Contractors,* 834 F.2d at 1548 (trial court has discretion to adjust or deny fees if full award would be inequitable or unreasonable).

Accordingly, IT IS ORDERED that the Trustees' motion for summary judgment is GRANTED as to the principal amount of its claim for unpaid contributions, liquidated damages, interest and attorney fees incurred herein and DENIED as to attorney fees incurred in the NLRB action, and

IT IS FURTHER ORDERED that the Trustees shall file on or before March 16, 1992 a statement with appropriate affidavits setting forth with specificity the amount of attorney fees they have incurred in this action. Bowman or American States may then file an objection to the statement on or before March 26, 1992, and the court will schedule a hearing on the issue.

---

**1.** Language in *Crockett & Wells* suggests that in *United States ex rel. C.J.C., Inc. v. Western States Mechanical Contractors, Inc.,* 834 F.2d 1533 (10th Cir.1987), the Tenth Circuit implicitly followed the approach of *Krupp I. See* 730 F.Supp. at 1068. In *C.J.C., Inc.,* however, the court merely followed the holding of *F.D. Rich* that the American Rule applies in Miller Act cases unless there is a contractual agreement to the contrary or circumstances justifying an award under the bad faith or other exception to the American Rule. *See* 834 F.2d at 1542–43. *C.J.C., Inc.* is not inconsistent with the majority rule that attorney fees in a Miller Act case can be awarded to third party based on a contractual agreement between that party and a subcontractor.