**UNITED STATES of America, for the Use and Benefit of TRUSTEES OF THE COLORADO LABORERS HEALTH AND WELFARE TRUST FUND, Plaintiffs,**

v.

**EXPERT ENVIRONMENTAL CONTROL, INC., a Missouri corporation, John Bowman, Inc., a Colorado corporation, and American States Insurance Company, an Indiana corporation, Defendants.**

Civ. A. No. 89–K–656.

United States District Court, D. Colorado.

May 5, 1992.

Timothy J. Parsons, and David B. Seserman, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for plaintiffs.

Ralph A. Braden, Jr., Braden, Frindt & Stinar, Colorado Springs, Colo., for defendants.

## ORDER AWARDING ATTORNEY FEES

KANE, Senior District Judge.

On March 5, 1992, I granted summary judgment in favor of the Trustees of the Colorado Laborers Health and Welfare Trust Fund, awarding them attorney fees for the prosecution of this action. On March 16, 1992, counsel for the Trustees filed an affidavit of attorney fees and costs, claiming fees and expenses of $17,-994.40. On March 24, 1992, defendants John Bowman, Inc. and the American States Insurance Company objected to the claim and requested a hearing. Bowman and American States argued that the $17,-994.40 amount was excessive in relation to the $7,731.61 in damages awarded and that it improperly included charges relating to the prosecution of a related action in which Expert Environmental Control, Inc. was the only named defendant, *Trustees of the Colorado Laborers Health & Welfare Trust Fund v. Expert Environmental Control, Inc.*, (the "Collection Action"). On May 1, 1992, I held a hearing on this matter.

The Miller Act does not provide for the award of attorney fees to the prevailing party. *F.D. Rich, Inc. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 126, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974). Attorney fees may be awarded, however, when there is a statute or contractual agreement between the parties for the payment of attorney fees. *Id.* In *United States ex rel. C.J.C., Inc. v. Western States Mechanical Contractors, Inc.*, 834 F.2d 1533 (10th Cir.1987), the Tenth Circuit addressed the standards the court must apply in awarding attorney fees in these circumstances. In both situations, the court held that the principles enunciated in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983), were relevant.

For awards under federal fee-shifting statutes, close scrutiny is appropriate. The court must carefully examine the total number of hours reported to arrive at the amount " 'that can reasonably be charged to the losing party.' " *See id.* at 1548 (citing *Ramos* ). For awards pursuant to contractual agreement, "the trial court's role is to determine if the claimed fees are inequitable or unreasonable. If so, the trial court has discretion to deny or reduce the fee award. However, the trial court is not responsible for independently calculating a reasonable fee." *Id.* at 1549. Similarly, in evaluating fees awarded by contract the court may consider "the familiar factors from the federal cases awarding

252

fees in a statutory context" as defined in *Ramos v. Lamm.* *Id.* at 1550. The court has discretion "to adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable." *Id.* at 1548.

 In my March 5, 1992 memorandum opinion, 785 F.Supp. 895, I held that the Trustees were entitled to fees by statute and by contract. I ruled that the Trustees were not entitled to fees incurred in a separate action before the National Labor Relations Board because it was not sufficiently related to this Miller Act case and "[i]t would be unfair and inequitable to require Bowman and American States to bear the fees for that action." 785 F.Supp. at 898. I did not address the fees relating to the Collection Action because the defendants did not raise the issue at that time. For similar reasons, however, I now find that an award which includes fees for the Collection Action would be improper.

The Trustees argue that the inclusion of fees and costs for the Collection Action was appropriate because that action was necessary to liquidate the amount of damages payable by the defendants. Yet the record in this case establishes that Bowman and American States did not contest the amount of actual damages, liquidated damages or interest owed by Expert Environmental; the sole issue was whether they were also liable for attorney fees. Bowman and American States were not defendants in the Collection Action, nor did they have control over the Trustees' filing of that lawsuit, which could have been brought as part of this case.

The Trustees contend that they have a fiduciary obligation to take all necessary steps to prosecute delinquent contributors such as Expert Environmental. That may be true, but Bowman and American States should not be required to pay for the additional, duplicative expenses generated by the Trustees' *in terrorem* decision to bring the separate Collection Action. For this reason, I have examined the fee affidavit and have reduced the fee award by $5891.79, representing amounts for servic-

es and costs related to the Collection Action.

 In addition, I accept Bowman and American States' criticism that certain entries by Ms. Weygand, a paralegal, were excessive. The entries reflected time spent filing and indexing pleadings, preparing attorney fee logs, and other clerical activities. Evidence introduced at the fee hearing indicates that these are charges more properly absorbed by counsel as general overhead. *See Ramos v. Lamm,* 713 F.2d at 554 (noting that lawyers charging fees to adversaries rather than clients may be less likely to overlook charges more properly allocatable to overhead); *id.* at 558–559 (district court must determine whether paralegal charges are normally part of overhead in the area). Accordingly, I have reduced the fees in the amount of $855.50 to account for this overcharge.

IT IS ORDERED that the Trustees are entitled to judgment for attorney fees in the amount of $11,247.11.