988 F.2d 88
 UNITED STATES of America, ex rel. RENT IT COMPANY, INC.,
Plaintiff-Appellant/Cross-Appellee,
v.
The AETNA CASUALTY & SURETY COMPANY,
Defendant-Appellee/Cross-Appellant.
 Nos. 91-6403, 92-6007 and 92-6080.
 United States Court of Appeals,
Tenth Circuit.
 March 4, 1993.
 
 David W. Earman, Harrisonburg, VA, and Kelley L. Cornelius of Fogg, Fogg & Handley, Oklahoma City, OK, for plaintiff-appellant/cross-appellee.
 John B. Hayes of Looney, Nichols, Johnson & Hayes, Oklahoma City, OK, for defendant-appellee/cross-appellant.
 Before McKAY, Chief Judge, LOGAN and SEYMOUR, Circuit Judges.
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, Rent It Company, Inc., rented certain equipment to Sid's Eagle Enterprises for use in a U.S. Postal Service construction project in Edmond, Oklahoma. Sid's was a subcontractor with responsibility for steel erection on the project. As required by the Miller Act, 40 U.S.C. §§ 270a-d (1988), the project was covered by a payment bond, in this case provided by Defendant Aetna Casualty & Surety Company. Under the Miller Act, a "person who has furnished labor or material [to a federal project] ... and who has not been paid in full therefor [within] ninety days ... shall have the right to sue on [the] payment bond for the amount ... unpaid at the time of institution of such suit...." § 270b.
 
 
 3
 Sid's experienced difficulties during the project and abandoned further work on it. At the time it abandoned the project, Sid's had not fully paid for the rental equipment it used. In addition, a Pittman Crane was returned by Sid's in damaged condition--its boom was bent and its tires were damaged. These were repaired by Plaintiff at its own expense after the equipment was returned. Plaintiff sought to recover both the unpaid rent and the cost of repairing the crane from the general contractor. When the parties could not agree on the amount owed, Plaintiff brought this action seeking to recover from Defendant's Miller Act bond.
 
 
 4
 After a bench trial, the district court found Defendant liable for $3,147.97 in unpaid rent. In addition, it found that the damage to the crane resulted from the negligence of Sid's and concluded that, under the rental agreement, Sid's agreed to be liable for damage to the equipment resulting from negligent use. Because the trial court concluded that the Miller Act covered the repairs performed by Plaintiff, it found Defendant liable for the repair expenses, which it set at $12,536.08. However, it also ruled that Defendant was entitled to a set-off for $10,000 that Plaintiff had received from its own insurance carrier, reducing Plaintiff's damage award to $2,536.08. Finally, it concluded that Plaintiff could not recover its attorney's fees from Defendant, despite the presence of clauses to that effect in the rental agreement with Sid's. The district court concluded that the absence of privity of contract between Plaintiff and Defendant precluded enforcing the fee provisions against Defendant. In the alternative, it also ruled that awarding attorney's fees to Plaintiff would be inequitable, given that Plaintiff demanded over $26,000 and only won a judgment of $5,684.05.
 
 
 5
 Plaintiff appeals the deduction of the $10,000 it received from its insurer and the denial of its motion for attorney's fees under the rental agreement. Defendant appeals from the award of repair costs to Plaintiff. We affirm in part and reverse in part.
 
 
 6
 * This court set forth the rule in this circuit on recovering repair costs under the Miller Act almost fifty years ago in Continental Casualty Co. v. Clarence L. Boyd Co., 140 F.2d 115 (10th Cir.1944). In that case, we stated:
 
 
 7
 Repair parts, appliances, and accessories which add materially to the value of the equipment and render it available for other work are not within the coverage of the payment bond provided for in § 270a....
 
 
 8
 Rental for equipment used in the performance of the work provided for in the contract, parts, equipment, and appliances which are necessary to, and are wholly consumed in, the performance of such work, and current repairs of an incidental and comparatively inexpensive character which do not add substantially to the value of the equipment and compensate only for ordinary wear and tear, are within the coverage of the payment bond.
 
 
 9
 Id. at 116 (emphasis added).
 
 
 10
 Boyd may be a quite old case, but it remains the law of this circuit. Plaintiff argues vigorously that it reflects a poor policy decision, but points to no basis for concluding that it is no longer good law. Boyd continues to be cited with approval in more recent cases. See Finch Equip. Corp. v. Frieden, 901 F.2d 665, 668 (8th Cir.1990); United States ex rel. Eddies Sales and Leasing, Inc. v. Federal Ins. Co., 634 F.2d 1050, 1052 (10th Cir.1980); McGee Steel Co. v. Alaska ex rel. McDonald Indus. Alaska, Inc., 723 P.2d 611, 617, 618 (Alaska 1986). Indeed, it was cited with approval by the district court. (Appellant's App. at 35.) Because one panel of this court is bound by the precedents of another, however old, United States v. Berryhill, 880 F.2d 275, 277 (10th Cir.1989), cert. denied, 493 U.S. 1049, 110 S.Ct. 853, 107 L.Ed.2d 846 (1990), we conclude that Boyd controls this appeal.
 
 
 11
 Under Boyd, Plaintiff's claim to recover its repair expenses from the Miller Act bond plainly cannot stand. The repairs were not for ordinary wear and tear--they were for damage caused by Sid's negligent use of the equipment. They also were not current repairs, i.e. repairs done to allow the continued use of the equipment on the project. They were performed after the equipment was returned to Plaintiff and in order to render it available for other work.
 
 
 12
 We REVERSE the award to Plaintiff of $2,535.08 in repair costs. Because this disposes of all issues regarding the repairs, we need not reach the issue of the deduction for the insurance payments Plaintiff received.
 
 II
 
 13
 The question of whether the fee shifting provision of the rental agreement between Plaintiff and Sid's is enforceable against Defendant is a difficult one. We have held that a fee-shifting provision between a subcontractor and the general contractor is enforceable against the surety. United States ex rel. C.J.C., Inc. v. Western States Mechanical Contractors, Inc., 834 F.2d 1533, 1548 (10th Cir.1987). Plaintiff argues that, even without any mention of fee-shifting in any agreement signed by the surety or the general contractor, the principle announced in Western States applies to a contract between a supplier and a subcontractor, making the surety and the general contractor liable for fee-shifting agreed to by the subcontractor alone. Several circuits agree. See United States ex rel. Carter Equip. Co. v. H.R. Morgan, Inc., 554 F.2d 164, 166 (5th Cir.1977) (citing similar cases from the Eighth and Ninth Circuits); United States ex rel. Southeastern Mun. Supply Co. v. National Union Fire Ins. Co., 876 F.2d 92, 93 (11th Cir.1989) (following Morgan ).[1] One district court in this circuit disagrees. See United States ex rel. L.K.L. Assocs. v. Crockett & Wells Constr., Inc., 730 F.Supp. 1066, 1067-68 (D.Utah 1990).
 
 
 14
 We need not, however, resolve these conflicting authorities, because the district court's alternative ground for denying relief is sound. The district court ruled that even if the fee-shifting provision was enforceable against Defendant, it would not be applied to this case because Plaintiff recovered less than one-fourth of the amount it claimed as damages. Given our disallowance of the damages awarded for repair costs, Plaintiff now has recovered less than one-eighth of the amount it initially claimed.
 
 
 15
 Even when a fee-shifting provision is enforceable against a Miller Act surety, "the trial court has discretion to adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable." Western States, 834 F.2d at 1548. Given the more than eight-to-one ratio of damages sought to damages recovered, the district court clearly did not abuse its discretion in denying attorney's fees. We AFFIRM the district court on this issue.
 
 III
 
 16
 The award of damages for repair costs is REVERSED. The denial of attorney's fees is AFFIRMED.
 
 
 
 [1]
 Southeastern disapproved dicta to the contrary in United States ex rel. Krupp Steel Prods., Inc. v. Aetna Ins. Co., 831 F.2d 978, 983-84 (11th Cir.1987)