[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14900
Non-Argument Calendar
_____

D.C. Docket Nos. 6:11-cv-01717-DAB,
6:11-cv-01983-DAB


6:11-cv-01717-DAB

UNITED STATES OF AMERICA,
for the use and benefit of RMP Capital Corp.,
an Illinois corporation, assignee of Southwick, Inc.,

Plaintiff,


RMP CAPITAL CORP.,
an Illinois Corporation, assignee of Southwick, Inc.,

Plaintiff-Appellee,

versus

TURNER CONSTRUCTION CO.,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
FEDERAL INSURANCE CO.,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
ZURICH AMERICAN INSURANCE CO., et al.,

Defendants-Appellants,

_____

6:11-cv-01983-DAB

UNITED STATES OF AMERICA,
for the use and benefit of Bolena Construction, Inc.,

                                               Plaintiff-Counter Defendant,

                                       versus

TURNER CONSTRUCTION COMPANY,
a foreign corporation,
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA,
a foreign corporation,
FEDERAL INSURANCE COMPANY,
a foreign corporation,
FIDELITY AND DEPOSIT COMPANY OF
MARYLAND/ZURICH AMERICAN INSURANCE COMPANY,
a foreign corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
a foreign corporation, et al.,

                                      Defendants-Counter Claimants.

————————————————

Appeals from the United States District Court
for the Middle District of Florida
————————————————

(January 20, 2017)

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Turner Construction Company was the general contractor for a Department of Veterans Affairs project, on which Bolena Construction, Inc. was a subcontractor and Southwick, Inc. was a sub-subcontractor. Turner procured a Miller Act payment bond from Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland/Zurich American Insurance Company, and Liberty Mutual Insurance Company ("the Sureties"). Bolena and RMP Capital Corp., as assignee of Southwick, brought this suit in district court under the Miller Act, 40 U.S.C. §§ 3131–34, seeking to collect against a Miller Act payment bond.[1] On the first day of trial Bolena and RMP jointly filed a motion to dismiss their Miller Act claims. The Magistrate Judge dismissed the federal claims but exercised supplemental jurisdiction over the issue of any fees and costs related to the federal litigation.[2]

Turner's and the Sureties' appeal of the district court's denial of their motion for attorney's fees is the only issue remaining in federal court.[3] The district court held that general contractors and sureties cannot collect attorney's fees in a case

---

[1] "[T]he Miller Act establishes the general requirement of a payment bond to protect those who supply labor or materials to a contractor on a federal project." F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 121–22, 94 S. Ct. 2157, 2161 (1974). The protection of the Miller Act payment bond extends as far as sub-subcontractors. See J.W. Bateson Co. v. United States ex rel. Bd. of Trs., 434 U.S. 586, 591, 98 S. Ct. 873, 876 (1978).

[2] The parties consented to jurisdiction in the magistrate court. Our references to the district court are to that court.

[3] RMP's appeal was dismissed for lack of prosecution because it failed to retain counsel. RMP also did not file a brief in opposition to Turner's and the Sureties' cross-appeal.

originally brought under the Miller Act.  We reverse and remand to the district court to interpret the contract provision at issue and award attorney's fees if they are merited.

## I.

Turner contracted with the Department of Veterans Affairs on a federal project and, pursuant to the Miller Act, obtained a bond from the Sureties.  Bolena entered into a subcontract agreement with Turner, and Southwick entered into a sub-subcontract agreement with Bolena.  Southwick then assigned the rights to its accounts receivable to RMP.  In 2011 Bolena and RMP filed separate lawsuits to collect against Turner's payment bond, and their lawsuits were then consolidated.

On the first day of trial Bolena and RMP moved to dismiss with prejudice their Miller Act claims.  The district court granted the motion and declined to exercise supplemental jurisdiction over Bolena's two remaining state claims.  It only "retain[ed] jurisdiction to decide any motion for fees and costs."  Bolena then assigned its rights in the lawsuit to RMP.

Turner and the Sureties moved for attorney's fees and costs.  The district court granted some of the costs but denied attorney's fees.  With regard to attorney's fees, the district judge first observed that the Miller Act does not explicitly provide for attorney's fees.  The court then determined that there is precedent for awarding attorney's fees in Miller Act cases where a contract

provides for fees to be awarded to the prevailing party and when that party is a subcontractor. But there is no precedent governing the award of attorney's fees to a general contractor or a surety when the subcontractor voluntarily dismisses a Miller Act claim. The district court thus denied the motion for attorney's fees based on this lack of precedent, reasoning that awarding attorney's fees to a general contractor or surety would be in tension with the Miller Act's express purpose of protecting subcontractors and suppliers on federal projects. The district court did not interpret the contract provision at issue. This denial of attorney's fees is the sole issue before us.

## II.

The Miller Act does not mention attorney's fees. See F.D. Rich, 417 U.S. at 126, 94 S. Ct. at 2163 ("Nor does the Miller Act explicitly provide for an award of attorneys' fees to a successful plaintiff."). But under our precedent, "attorney's fees are a recoverable item under [a] Miller Act bond" when provided for in a contract. United States ex rel. Carter Equip. Co. v. H.R. Morgan, Inc., 554 F.2d 164, 166 (5th Cir. 1977)[;4] accord United States ex rel. Se. Mun. Supply Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, 876 F.2d 92, 93 (11th Cir. 1989); see also F.D. Rich, 417 U.S. at 126–30, 94 S. Ct. at 2163–66 (applying, under the Miller

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

5

Act, the "American Rule" providing for attorney's fees if the parties contract for them). Several circuit courts agree. See, e.g., GE Supply v. C & G Enterprises, Inc., 212 F.3d 14, 19 (1st Cir. 2000) (collecting cases from the 4th, 5th, 8th, and 9th Circuits). The district court was right that all our precedent governing the award of attorney's fees in Miller Act cases addressed subcontractors claiming attorney's fees. But the court was wrong in holding that general contractors and sureties are barred from receiving attorney's fees in any case originally brought under the Miller Act.

This error stems from the court's misreading of the Miller Act cases. The cases do not state a general principle that only subcontractors and sub-subcontractors who contract for attorney's fees can receive them in cases brought under the Miller Act. Rather, they stand for the more limited principle that subcontractors and sub-subcontractors may recover contracted-for attorney's fees from the Miller Act payment bond. See, e.g., H.R. Morgan, 554 F.2d at 166 ("[A]ttorney's fees are a recoverable item under [a] Miller Act bond."); see also F.D. Rich, 417 U.S. at 128, 94 S. Ct. at 2164 (discussing "the award of attorneys' fees in suits on construction bonds"). In light of this limited principle, the lack of precedent allowing for the recovery of attorney's fees in Miller Act cases by general contractors and sureties makes sense. Miller Act payment bonds are procured by general contractors from sureties for the protection of subcontractors

6

and sub-subcontractors.  See supra note 1.  General contractors or sureties would not seek to recover against their own bond.  Thus, the district court erred in deriving a broad principle from this absence of precedent.

Like all other parties to contracts, general contractors on federal projects and their sureties can recover attorney's fees where a contract allocates attorney's fees to them.  See, e.g., Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448, 127 S. Ct. 1199, 1203 (2007) (The American Rule can "be overcome by an enforceable contract allocating attorney's fees" (quotation omitted)).  Here the contract that Turner and the Sureties claim entitles them to an award of attorney's fees was between Southwick and Bolena.  We remand to the district court to interpret that contract in the first instance, so as to determine whether it entitles Turner and the Sureties to an award of attorney's fees, and if so how much.

**REVERSED** and **REMANDED**.