Commission who, during part of January and February, 1932, made the investigation in the office of Wishnatzki and Nathel to determine whether this claim and others were in accord with records there. They learned from the appellant that he made up the claim from slips made out by the salesmen and pinned to the car file when that was taken to the office. Such slips showed the number of the car from which the tomatoes had been sold, but they were not kept as permanent records, however. The only records available at the time of the investigation were sales tickets found in a box in the office attic. Though such sales tickets did not show the cars from which the tomatoes were sold, it was customary to put all the sales tickets for one day into one envelope. Many of these were found in the box in the attic including one containing sales tickets for July 19, 1930. From the sales tickets found in this envelope it was learned that Wishnatzki & Nathel sold 1,092 lugs of tomatoes that day at prices ranging from $1 to $2.75 per lug. No ticket for 128 lugs sold at $3 was found; nor was there anything to indicate whether any part of the 1092 lugs so shown to have been sold that day was from the damaged carload. The government proved that the agents could find no records to support the claim filed. Since no evidence whatever was introduced by any of the defendants, the credibility of witnesses is not involved. The question is whether the uncontradicted evidence of the government showing that the appellant certified the claim and was unable some two years later to produce the slips from which he said he got his information or to produce any corresponding sales tickets is evidence that the appellant was guilty as charged. There was no evidence to show that the salesmen did not turn in slips attached to the car file. There was no evidence that such slips were not customarily used in making out such claims as this. There was nothing, in short, upon which to find this appellant guilty beyond a reasonable doubt of knowingly and willfully certifying a false claim except suspicion engendered by his failure to produce supporting records. Were the burden on the appellant to justify his conduct, the result below could be sustained, but, of course, the appellant was presumed to be innocent until evidence was introduced by the government sufficient to show beyond a reasonable doubt that he was guilty. In this instance it had to be sufficient to show beyond a reasonable doubt that he knowingly and will-

fully certified a false claim which had the effect the statute was designed to prevent. So tested, we cannot believe that there is any evidence to support the judgment. It is as reasonable to believe that this bookkeeper, who had no pecuniary interest in the claim at all, acted honestly, though perhaps mistakenly in reliance upon salesman's slips which he neglected to compare for verification with the sales tickets for the day, as that he acted with the dishonesty which is a substantive part of the offense under the statute and which the law makes it necessary for the government to prove beyond a reasonable doubt. Since this is so, there was no evidence to support the conviction. We are bound to notice such an error and correct it. Wiborg v. United States, 163 U. S. 632, 658, 16 S. Ct. 1127, 1197, 41 L. Ed. 289; Clyatt v. United States, 197 U. S. 207, 25 S. Ct. 429, 49 L. Ed. 726.

Judgment reversed.

L. HAND, Circuit Judge (dissenting).

I agree with the opinion of the court in all respects, except that I think that there was evidence of the defendant's guilt. Therefore in my judgment the conviction should be affirmed.

22 C. C. P. A. (Patents)

## In re LITLE.

Patent Appeal No. 3426.

Court of Customs and Patent Appeals.

May 27, 1935.

Carle Whitehead and Albert L. Vogl, both of Denver, Colo. (Henry S. Morton, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, 11 to 16, inclusive, in appellant's application for a patent for an alleged invention relating to a device for marketing wall paper.

Claims 11, 14, and 15 are illustrative. They read:

"11. A device for marketing wall paper, comprising a container of a capacity and proportion adapted to contain a predetermined number of rolls of wall paper, arranged in a single tier, whereby to provide a surface upon one side thereof, large in relation to the cubic capacity of said container, for the display thereon of a sample of said contained wall paper.

"14. A device for marketing wall paper, comprising a container having a thickness substantially that of a roll of wall paper, a length substantially that of a roll of wall paper and a heighth substantially that of a predetermined number of rolls of wall paper arranged in a tier therein whereby to provide a relatively large surface upon the side of such container for the display thereon of a sample of the contained paper and a handle attached to the top edge of said container whereby to provide a package convenient for storage, display and carriage of a predetermined number of rolls of wall paper.

"15. A device for marketing wall paper, comprising a container having a thickness substantially that of a roll of wall paper, a length substantially that of a roll of wall paper and a heighth substantially that of a predetermined number of rolls of wall paper arranged in a tier therein, a handle attached to the top edge of said container and one end of said container forming a closure member therefor."

The references are: Fish, 296,155, April 1, 1884; Smith, 578,843, March 16, 1897; Gray, 866,459, September 17, 1907; Reed, 1,523,039, January 13, 1925.

Appellant's device is sufficiently described in the appealed claims.

It will be observed that appealed claims 11, 12, and 13, of which claim 11 is illustrative, relate to an article of manufacture, but not to a combination of elements. Claims 14 and 15 are technically combination claims, in that, as it will be observed, each includes a handle attached to the top edge of the container.

The patents to Fish and Smith relate to containers or boxes of ordinary type, each so arranged that a sample of the articles contained therein is fastened to the outside for display purposes.

The patent to Gray relates to a dress suitcase, containing a tray accessible by opening the end of the case. The case is provided with a handle for convenience in carrying.

The patent to Reed relates to a cigarette case, arranged so as to accommodate several tiers of cigarettes. The object of the invention is to provide a suitable cigarette case with a small opening at one end to permit the removal of cigarettes "with a maximum of convenience and a minimum of exposure to air."

The appealed claims were rejected by the tribunals of the Patent Office on the ground that it would be obvious to one skilled in the art, in view of the prior art cited, to provide a container of proper capacity and proportion to accommodate a predetermined number of rolls of wall paper, and to permit a display of a sample of its contents on the outer side thereof.

In his decision describing appellant's alleged invention, the Examiner, among other things, said:

"The container is proportioned so as to have a thickness substantially that of a roll of wall paper, a length substantially that of a roll of wall paper and a height substantially that of a predetermined number of rolls of wall paper arranged in a tier. On the side of the container the applicant has pasted a sample of its contents."

We deem it unnecessary to enter upon a lengthy discussion of the issues involved.

The tribunals of the Patent Office concurred in holding that, although appellant's device was new, it did not involve invention.

362

In its original decision, the Board of Appeals stated:

"Appellant has provided a receptacle for packaging wall paper designed to hold only one tier of wall paper rolls and in this manner he provides an exceptionally large exterior surface upon which a display of wall paper may be mounted.

"We are satisfied that there is no invention in packing wall paper rolls in receptacles and as it is old to apply samples to the exterior of packages, as shown by the cited art, we do not regard the application of a sample of wall paper to the outside of a wall paper package as involving patentability. We recognize that the type of receptacle employed by appellant is well adapted for easy storing and handling and that it provides the greatest possible exterior area for display purposes. It is our opinion, however, that in determining the type of receptacle to be employed for this purpose both of these advantages would be apparent after a little study as to the best design for the package and we are therefore forced to the conclusion that the selection of this type of package is merely a matter of choice rather than of invention."

The views so expressed by the Board meet with our entire approval. Its decision is affirmed.

Affirmed.

22 C. C. P. A. (Patents)

### In re BRAWN.

### Patent Appeal No. 3488.

### Court of Customs and Patent Appeals.

### May 27, 1935.

Alexander & Dowell, of Washington, D. C. (Arthur E. Dowell, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant insists that the principal issue here is that of his right to have allowed the two product claims of his application which define the product only by the steps followed in the process of making it.

The application, as filed in the United States Patent Office, relates to "Design Printing Cylinder & Method of Making Same."

Seven process claims stand allowed, but the Examiner denied the product claims, and his decision was affirmed by the Board of Appeals, whereupon the case was brought to us for review.

The Examiner based his rejection upon the ground that the claims are "improper article claims because they claimed the article in terms of making it," citing many authorities. No patent was relied on, but, to illustrate a printing cylinder made in a single piece, the Examiner cited patent 1,261,642, issued to Emil T. Neben, April 2, 1918.

In its original opinion the Board of Appeals rested its decision upon the same ground, but indicated that the claims might have been rejected solely upon Neben as well. A petition, which the Board construed as a petition for reconsideration, was granted, and in its second decision it again rested rejection upon the original ground, but also specifically included "a further rejection on the patent to Neben."

The appealed claims read:

"12. As an article of manufacture, a design printing ring comprising a plurality of segments united in ring form by partially melting the metal of the segments along their meeting edges at the inner sides thereof.