44 F.3d 894
 41 Fed. R. Evid. Serv. 740
 Robert Eugene INSELMAN; Clydean Juanita Inselman; Harold
Nevill; Tommy Lee Holt; Linda Gail Holt; Glenn
Dale Love; Patricia Ann Love,
Plaintiffs-Appellants,
v.
S & J OPERATING COMPANY, Defendant-Appellee.
 No. 93-6421.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 5, 1995.
Order Granting Rehearing In Part Feb. 17, 1995.
 
 Robert D. Tomlinson, David A. Walls, of McKinney, Stringer & Webster, P.C., Oklahoma City, OK, for plaintiffs-appellants.
 Robert N. Barnes, Roy B. Short, of Barnes & Lewis, P.C., Oklahoma City, OK, for defendant-appellee.
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,* District Judge.
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs appeal from a judgment in favor of defendant S & J Operating Company entered after a jury trial. The sole issue on appeal is whether the district court abused its discretion by excluding evidence that defendant had purchased property adjacent to plaintiffs' property because defendant had polluted that property with its oil field activities. We conclude no abuse of discretion occurred, and affirm.[1]
 
 
 2
 Plaintiffs are owners of sixty surface acres of land in Oklahoma. Defendant is an oil and gas company operating a water flood project with injection and recovery wells and pipelines located on or adjacent to plaintiffs' land. Plaintiffs brought claims against defendant for negligence, nuisance, unjust enrichment, and trespass, contending that certain large bare spots with a white salty appearance on their property were caused by defendant's operation and maintenance of the wells and pipelines. Defendant presented evidence that the bare spots were naturally occurring alkali concentrations found throughout the area. The case was tried to a jury which returned a verdict for defendant on all claims.
 
 
 3
 Plaintiffs claim error in the district court's refusal to permit them to elicit testimony from defendant's witness that the same working interest owners who were operating the leases covering plaintiffs' property had purchased the adjacent property because it, too, was polluted by defendant's activities. The district court ruled the evidence was not relevant because there had been no evidence that the adjacent property was polluted. Plaintiffs' counsel then made the following offer of proof:
 
 
 4
 Plaintiffs offer to prove that if the witness were allowed to answer the question and testify on the portion of the property immediately to the west which was purchased by the property interest owners and the reason was that the complaints regarding pollution over there that this reason for the purchase was to resolve those complaints.
 
 
 5
 Appellants' App. at 17. However, defense counsel stated that if the witness were questioned, he would not testify as stated by plaintiffs "because those facts are not true." Id. Plaintiffs made no further offer of proof.
 
 
 6
 Error may not be based on a ruling excluding evidence unless "the substance of the evidence was made known to the court by offer [of proof] or was apparent from the context within which questions were asked." Fed.R.Evid. 103(a)(2). The purpose of this rule is to allow the trial judge to make an informed evidentiary ruling, and to create an adequate record for appellate review to determine whether exclusion of the evidence was reversible error. Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1406, 1407 (10th Cir.1991).
 
 
 7
 The offer of proof made in this case is defective. Defense counsel stated the witness would not have presented the testimony plaintiffs asserted he would present. Plaintiffs should have examined the witness to establish that he would testify as they believed. It is impossible on this record for us to determine whether the excluded evidence would have been relevant or helpful to plaintiffs' case. Plaintiffs have not shown grounds for reversal.
 
 
 8
 Even if the offer of proof were adequate, we could not reverse absent a clear abuse of discretion. Id. at 1407. We must "strongly defer to the trial court." Id. The district court's ruling was well within its discretion. Although there was testimony that the bare spots on plaintiffs' land were typical of bare spots in the area, there was no evidence that there were bare spots on the property about which plaintiffs sought to question the witness.
 
 
 9
 Defendant requests attorney's fees for responding to the appeal, but offers no authority on which such an award may be based.
 
 
 10
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Defendant's application for appellate attorney's fees is DENIED.
 
 ORDER
 
 11
 Defendant S & J Operating Company has petitioned for rehearing of that portion of this court's opinion, filed January 5, 1995, denying its request for appellate attorney's fees. We conclude that the petition should be granted and the request for appellate attorney's fees granted. We remand to the district court to determine a reasonable amount of appellate attorney's fees.
 
 
 
 *
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument