**UNITED STATES of America ex rel. AUTOMATIC ELEVATOR CO., INC., etc., Plaintiff,**

v.

**LORI CONSTRUCTION, et al., Defendants.**

No. 95 C 6960.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 26, 1996.

Steven T. Blum, Chicago, for Plaintiff.

John Draper Daniels, George Louis Acosta, Sanchez & Daniels, Chicago, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This action under the Miller Act (the "Act," 40 U.S.C. §§ 270a–270d [1]) was brought by Automatic Elevator Co. ("Automatic") against Lori Construction, Inc. ("Lori") and Intercargo Insurance Company ("Intercargo," the issuer of the payment bond on which Automatic sues). Both defendants have moved for dismissal, seeking that relief alternatively under Fed.R.Civ.P. ("Rule") 12(b)(1) and Rule 12(b)(6). For the reasons stated in this memorandum opinion and order, the motion to dismiss (though inappropriately labeled) is granted and this action is dismissed.

### Procedural Posture

■ Because the motion under consideration is based on the claimed untimeliness of this action, it could be characterized as jurisdictional in nature only if the time requirement in Section 270b(b) were viewed as an element of the claim itself rather than as a statute of limitations. There was to be sure some earlier case law, dating back two decades or more, that took that position (see, e.g., *United States ex rel. Celanese Coatings Co. v. Gullard,* 504 F.2d 466, 468–69 (9th Cir.1974) and cases cited there). But the bulk of the cases—particularly the more recent authority—view the one-year restriction on suit as a limitations period instead, with the possibility that a failure to meet that timetable may be excused under the principles of equitable tolling or the like (see *United States ex rel. Kirchdorfer v. M.J. Kelley Corp.,* 995 F.2d 656, 659 (6th Cir.1993) and cases cited there). Hence this Court views Rule 12(b)(1) as not being in play here.

■ As for Rule 12(b)(6), conventional wisdom limits a court's consideration to the well-pleaded allegations of the complaint before it (see, e.g., *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)). But in this case the key to the motion to dismiss is in a document dehors Automatic's Complaint, so that Rule 12(b)(6) is also not in play.

What saves the current dismissal analysis is that there is no dispute between the parties over the authenticity or relevance of the critical document, nor does either side's submission object to this Court's consideration of that document or identify *any* disputed issue of material fact. In effect, then, this Court is in a position to resolve the issues as a matter of law—something akin to a Rule 56 ruling. Hence the discussion will first set out Automatic's allegations (which will be accepted as true for present purposes), with any other relevant facts then being referred to later in the analysis.

### Automatic's Complaint

■ In 1992 Lori entered into a contract with the United States Government for elevator repair work at the VA Lakeside Medical Center (Complaint ¶ 5), and Intercargo executed a payment bond on the contract (*id.* ¶ 6). In July 1992 Lori and Automatic entered into a written subcontract (the "Subcontract") under which Automatic agreed to furnish labor and materials to replace a freight elevator with a new elevator at a contract price of $56,560 (*id.* ¶ 7).

Lori later asked that Automatic perform additional work beyond the scope of the Subcontract (*id.* ¶ 8). Automatic did the work (*id.* ¶ 9) and says that Lori owes it $9,197 (*id.* ¶ 10).

### Act's Statute of Limitations

Section 270b(b) states (emphasis added):

Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, *but no such suit shall be commenced after the expiration of one year after the day on which the last of*

---

1. Citations to the Act will take the form "Section—," referring to the section numbering within Title 40.

*the labor was performed or material was supplied by him.*

Defendants urge that the day on which the limitations clock began to tick was July 30, 1994, in confirmation of which they have tendered an Acceptance of Equipment form submitted by Automatic and signed by Lori on that date (D. Motion Ex. B). On that premise Automatic's filing of this action on November 29, 1995 came some four months after the Act had already barred the claim.

Automatic does not quarrel with the July 30 completion date—after all, it itself asked Lori to confirm its Acceptance of Equipment by executing the form that designated that date. Instead Automatic says that on December 15, 1994 it performed warranty work pursuant to this provision of Subcontract Art. 8:

> WARRANTY. Subcontractor warrants its work against all deficiencies and defects in materials and/or workmanship and agrees to satisfy same without cost to Owner or Contractor for a period of one (1) year from the date of Substantial Completion of the elevator or per Contract Documents, whichever is longer.[2]

Automatic fixes on that later-performed warranty work to contend that its November 29, 1995 filing was really within the one-year statute of limitations.

Thus the legal issue is joined: Does the Act's limitations period run from the last date on which labor was performed or materials were supplied to fulfill the terms of a contract, or from the later date on which labor was performed or materials were supplied pursuant to a contractual post-comple-tion warranty? Although that poses a question of first impression in this Circuit,[3] the case law elsewhere consistently adopts the former approach, so that Automatic's lawsuit must be dismissed.

One of the earliest pronouncements of the rule that—although the limitations period does not begin to run so long as labor or materials continue to be required to fulfill the original contract—corrections or repairs of already-completed work do not reset the clock to begin anew was *United States ex rel. Austin v. Western Electric Co.*, 337 F.2d 568, 572–73 (9th Cir.1964). That bifurcated approach has been embraced by every Court of Appeals that has considered the issue [4] (e.g., *United States ex rel. Magna Masonry, Inc. v. R.T. Woodfield, Inc.*, 709 F.2d 249, 251 (4th Cir.1983); *United States ex rel. Georgia Elec. Supply Co. v. United States Fidelity & Guar. Co.*, 656 F.2d 993, 995–96 & nn. 6–7 (5th Cir.1981); *United States ex rel. Olson v. W.H. Cates Constr. Co.*, 972 F.2d 987, 991 (8th Cir.1992); *United States ex rel. State Elec. Supply Co. v. Hesselden Constr. Co.*, 404 F.2d 774, 776–77 (10th Cir.1968); *Southern Steel Co. v. United Pacific Ins. Co.*, 935 F.2d 1201, 1204 (11th Cir.1991) (per curiam)). *State Elec. Supply*, 404 F.2d at 777 quoted the succinct and compelling rationale from *United States ex rel. McGregor Architectural Iron Co. v. Merritt–Chapman & Scott Corp.*, 185 F.Supp. 381, 383 (M.D.Pa.1960):

> If plaintiff could extend the time ... by correcting a defect ... the time for such notice might remain in chaos and depend upon the discovery of defects in construction over a year or more after completion....

---

**2.** [Footnote by this Court] In turn the Acceptance of Equipment form prepared by Automatic and signed by Lori as of July 30, 1994 provided in part:

> This signed acceptance puts into effect our twelve (12) month guarantee against defective material and workmanship. It is the responsibility of the owner or his agent to provide proper maintenance service for this equipment and keep them in good operating condition, by lubrication and adjustments, beyond our new installation service.
>
> Under this guarantee, Automatic Elevator Company, Inc. will correct any defect not due to ordinary wear and tear or improper use of equipment.

**3.** This Court could find no case in which our Court of Appeals has considered the issue. And the litigants have not helped in the search, for neither party has provided this Court with *any* case law in support of its own position.

**4.** Some of the cited cases have considered the issue in relation to the Section 270b(a) requirement that payment be made within 90 days "after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him." Obviously the same analysis applies to the identical language in Section 270b(b).

This Court will follow the uniform lead of the Courts of Appeals that have considered the issue. It therefore holds that Automatic's work in the performance of its warranty obligation did not re-trigger the commencement of the Act's one-year limitations period. Because Automatic's Response to Defendant's [sic] Motion To Dismiss does not dispute (1) that the work called for by the contract was completed on July 30, 1994 and (2) that its only work done after that date (during a period ended December 15, 1994) was performed pursuant to a warranty clause, Automatic has permitted the Act's one-year statute of limitations to expire before it brought this action.

### Conclusion

Although Lori's motion is technically mislabeled (for neither Rule 12(b)(1) nor Rule 12(b)(6) applies—what is really at issue instead is a Rule 8(c) affirmative defense of the statute of limitations), neither litigant has been diverted by that technicality. Instead they have met head-on by disputing the limitations question, and Automatic (which, perhaps understandably, has cited no authority whatever in support of its position) has lost. This action is dismissed as barred by limitations.