UNITED STATES, on Behalf of Cal's A/C & Electric

v.

## THE FAMOUS CONSTRUCTION CORPORATION and Capitol Indemnity Corporation.

No. Civ.A. 97–0830–A.

United States District Court, W.D. Louisiana, Alexandria Division.

Jan. 25, 1999.

William L. Melancon, Lafayette, LA, for plaintiff.

Jennifer L. Anderson, Jones Walker et al., New Orleans, LA, Thomas J. Cortazzo, James J. Morse, New Orleans, LA, Alan J. Sobol, John P. Hallisey, O'Connell Flaherty & Attmore, Hartford, CT, for defendants.

## RULING

NAUMAN S. SCOTT, District Judge.

Before the Court by referral is a Motion for Partial Summary Judgment filed by the defendants in regards to the plaintiff's complaint in which it seeks to recover allegedly unpaid sums owed it on a federal construction contract. As this case revolves around a federal construction contract covered by the Miller Act, 40 U.S.C. § 270a *et seq.*, we have "arising under" jurisdiction pursuant to 28 U.S.C. § 1331. Under the foregoing analysis, the defendants' Motion is hereby **DENIED.**

## STANDARD OF REVIEW

Summary judgment will be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file," when construed in manner most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the moving party shows that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the nonmoving party must then come forward with specific facts showing that there is a genuine factual issue for trial. Fed.R.Civ.P. 56(e). Should the nonmoving party fail to so respond, summary judgment, if appropriate, shall be entered. *Id.* However, the judge is not to weigh the evidence at the summary judgment phase, but merely determines if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If a reasonable jury could return a verdict for the nonmoving party, summary judgment will not lie. Id. at 248, 106 S.Ct. at 2510.

## BACKGROUND

For purposes of our determination, the facts are undisputed. Defendant Famous entered into a contract with the Veterans Administration for new federal construction on the VA Medical Center in Alexandria, Louisiana. At the time of contracting with the VA, defendant Capitol agreed to act as a surety for the whole project on behalf of Famous, the general contractor, pursuant to the provisions required under the federal Miller Act, 40 U.S.C. § 270a *et seq.* On or about November 7, 1995, Famous entered into a contract with the plaintiff Cal's A/C and Electric ("Cal's") whereby Cal's would serve as mechanical subcontractor for the project. By Complaint dated April 29, 1997, Cal's alleges that Famous and/or Capitol failed to pay for work performed on the project. In paragraph 13 of that same Complaint, Cal's seeks penalties and attorney's fees for late payments pursuant to Louisiana Revised Statute § 9:2784 (La.R.S. § 9:2784). The defendants now come before us asking for partial summary judgment solely on the issue of the plaintiff's state law claim for penalties and attorney's fees.

## DISCUSSION

The defendants submit that any state law cause of action for such damages has been preempted by the Miller Act, as provided by the federal jurisprudence of *F.D. Rich Co., Inc. v. U.S. for the Use of Indus. Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) and its progeny, including this Court's own ruling in *U.S. for the Use of Pensacola Constr. Co. v. St. Paul Fire and Marine Ins. Co.*, 710 F.Supp. 638, 640 (W.D.La.1989). The plaintiff contravenes, claiming that the 1988 amendments to the Prompt Payment Act, particularly 31 U.S.C.A. § 3905(j),[1] effectively served as an amendment and/or addendum to the Miller

---

1. 31 U.S.C.A. § 3905(j) states, "Except as provided in subsection (i) of this section, this section shall not limit or impair any contractual, administrative, or judicial remedies otherwise available to a contractor or subcontractor in the event of a dispute involving late payment or nonpayment by a prime contractor or deficient subcontract performance or nonperformance by a subcontractor."

Act, and thereby legislatively overrules *F.D. Rich* and *Pensacola Construction.* We agree.

It should be noted that there is a complete absence of case law on this particular issue and the effects of the Prompt Payment amendments upon the Miller Act. However, we base today's decision upon the legislative history of the 1988 Amendments and the clear import of the language of 31 U.S.C.A. § 3905(j). Indeed, the clear purpose of these amendments was to further strengthen the rights of both prime contractors and subcontractors on federal projects in order to drive down the ultimate costs placed on the federal government by the bidding process.[2] We are also cognizant of the fact that Congress could have amended the Miller Act itself rather than making the amendment to the Prompt Payment Act. However, this does not undermine the prudence of today's ruling. Indeed, both Acts involve regulation of federal construction contracting and subcontracting and intended to grant greater rights to contractors and subcontractors.[3] Indeed, the 1988 Prompt Payment Amendments specifically cross reference the Miller Act. 31 U.S.C.A. § 3905(f)(1).

In summary, 31 U.S.C.A. § 3905(j) overrules *F.D. Rich* and its progeny, including our ruling in *Pensacola Construction,* to the extent that the Prompt Payment Act now expressly allows for subcontractors on federal projects to sue for the awarding of attorney's fees and penalties for late payment or nonpayment on the payment bond held by the surety *provided that* state law allows for such causes of action. La.R.S. 9:2784 expressly provides for such a cause of action for the case at hand.

Congress may have indeed "entrenched" itself into the field of federal project contracting and subcontracting to the extent that all state law regarding the matter is now preempted. That being said, Congress may "taketh" from litigants but it also may "giveth." Such is the case here. The defendants' Motion for Partial Summary Judgment is **DENIED.**

---

2. See 1988 Congressional Record, July 26, 1988, pp. H5838–841; 1988 Congressional Record, September 23, 1988, pp. S13163–13176; 1988 U.S.Code Cong.Adm.News, p. 3036.

3. See also Prompt Payment Act Amendments of 1987, Report of the Committee on Governmental Affairs—United States Senate (S328), for Congressional intent to strengthen the Miller Act.