**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA, *ex rel.* Fred Noyes dba A-2 Plumbing and Heating,

      Plaintiff - Appellee,

v.

KIMBERLY CONSTRUCTION, INC. and VIGILANT INSURANCE COMPANY,

      Defendants - Appellants.

_____

HI-VALLEY CHEMICAL, INC.

      Plaintiff - Intervenor - Appellee,

v.

FRED NOYES, dba A-2 PLUMBING AND HEATING,

      Defendant - Appellee.

Nos. 99-4188 and 99-4198
(D.C. No. 95-CV-790-K)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **MILLER**,[**] District Judge.

---

This case involves a tortuous series of post-judgment motions and rulings, resulting in an amended judgment from which the parties appeal and cross-appeal. Kimberly Construction and Vigilant Insurance, defendants in the action below, appeal the district court's entry of judgment against them and in favor of Fred Noyes, a sub-contractor, and the court's creation of a lien in favor of Hi-Valley Chemical against that judgment. Hi-Valley Chemical, an intervening plaintiff in the action below, cross-appeals the district court's decision to relieve Vigilant Insurance from Hi-Valley's original judgment against it. The parties raise other issues on appeal, which are discussed below.

I.

Fred Noyes, dba A-2 Plumbing and Heating ("Noyes"), filed the instant action under 40 U.S.C. § 270b(a) and (b) ("the Miller Act") against its general contractor, Kimberly Construction, Inc. ("Kimberly"), and Kimberly's bonding company, Vigilant Insurance Company ("Vigilant"), in the United States District Court for the District of Utah to recover costs for "labor and materials" provided to a Veterans Administration construction project ("V.A. project"). Kimberly

---

[**] Honorable Walker D. Miller, U.S. District Court Judge, District of Colorado, sitting by designation.

counterclaimed against Noyes seeking amounts due on two prior construction projects. Hi-Valley Chemical ("Hi-Valley") intervened in the action, seeking payment for chemicals it provided to Noyes on the V.A. Project. Approximately a month prior to trial, Hi-Valley moved to file an amended complaint, seeking to add Kimberly and Vigilant as defendants.

The trial court granted Hi-Valley's motion to add Kimberly and Vigilant as defendants on the first day of trial. Following a four-day bench trial, the district court judge instructed all parties to file ten-page briefs in support of their closing arguments, along with their proposed findings of fact and conclusions of law. Vigilant did not raise a statute of limitations defense either at trial or in its post-trial brief.

The district court issued its findings of fact and conclusions of law, finding that Kimberly "agreed to pay Hi-Valley for materials provided to the V.A. Site." In its March 4, 1999, judgment, the district court granted Hi-Valley a judgment against Kimberly and Vigilant, jointly and severally, for the materials provided to the V.A. project, and for approximately half of the attorney's fees that Hi-Valley had requested. The district court found that Noyes was in breach on the first two construction projects (prior to the V.A. project), entitling Kimberly to reimbursement for those two projects in the approximate amount of $160,000. For the V.A. project, however, the district court found that Kimberly owed Noyes

a payment of roughly $82,000. Under the terms of the V.A. sub-contract, the district court found that this sum due to Noyes was "to be applied as an offset against the reimbursements" Noyes owed Kimberly from the previous two construction projects. Accordingly, the March 4 judgment granted Kimberly and Vigilant a judgment against Noyes for the difference between the amounts Noyes owed to Kimberly and the amount Kimberly owed Noyes, resulting in a judgment against Noyes of approximately $78,000. The district court also ordered Noyes to pay Kimberly and Vigilant approximately half the attorney's fees they had requested.

Following the March 4 judgment, Vigilant and Kimberly filed a Rule 59(e) motion to alter or amend the judgment, requesting that the district court remove Vigilant from the judgment that Hi-Valley had against Vigilant and Kimberly. They argued that the Miller Act's one-year statute of limitations prevented Hi-Valley from bringing a claim against Vigilant because the limitations period had expired at the time Hi-Valley intervened. Contending that they had not waived the statute of limitations defense, Vigilant and Kimberly insisted that they did not raise it earlier "because Hi-Valley did not initially state a claim" against them, even though Hi-Valley had sought to add Kimberly and Vigilant as defendants over a month before trial. They also argued in this Rule 59(e) motion that insufficient evidence was presented at trial to support the district court's

conclusion that Kimberly and Vigilant were responsible for payment to Hi-Valley for the materials delivered to the V.A. Project.

On May 6, the district court granted the portion of Vigilant and Kimberly's Rule 59(e) motion requesting that Vigilant be removed from Hi-Valley's judgment against them.[1]  Following this action by the district court, Hi-Valley filed its own Rule 59(e) motion, requesting that the district court also find Noyes liable for the materials Hi-Valley delivered to the V.A. project and that the court grant Hi-Valley a lien against Noyes's judgment against Kimberly.  In response to these requests, the court issued an amended judgment, in which it granted Hi-Valley a judgment against Noyes and Kimberly, jointly and severally, for the materials used at the V.A. site.  It then granted Hi-Valley its requested lien, and "[f]or purposes of foreclosing on or otherwise enforcing that lien," granted Noyes a judgment against Kimberly and Vigilant for the amount they owed Noyes on the

---

[1] The court ordered that any reference to Vigilant be deleted in the paragraph granting Hi-Valley's judgment.  The only other change to the judgment was an increase in Hi-Valley's attorney's fees by $500.

V.A. project, approximately \$82,000.[2]  The court granted Kimberly and Vigilant a

judgment against Noyes in the amount of approximately \$78,000.[3]

Kimberly and Vigilant appeal this amended judgment, claiming that the

district court erred (1) in creating a judgment against them and in favor of Noyes;

(2) in granting Hi-Valley a lien against that "fictional" judgment; and (3) in

granting Hi-Valley a judgment against Vigilant Insurance because, according to

them, the court had properly ruled earlier that Hi-Valley's claim was barred by the

statute of limitations.[4]  Kimberly and Vigilant also claim on appeal that the

evidence presented at trial was insufficient to support a finding that Hi-Valley

---

[2] Specifically, the court stated:

> Hi-Valley Chemical, Inc. is hereby granted a lien for that amount [materials provided to V.A. site] against the amount Kimberly Construction, Inc. and Vigilant Insurance Company owe Fred Noyes, . . . pursuant to the V.A. subcontract, prior to any offsets.  For the purposes of foreclosing on or otherwise enforcing that lien, Fred Noyes . . . is hereby granted a judgment against Kimberly Construction, Inc. and Vigilant Insurance Company, jointly and severally, in the amount of \$81,938.22.

[3] It appears that if Noyes received a separate judgment for \$82,000, then Kimberly and Vigilant should have received a judgment for approximately \$160,000.  The \$78,000 represents a net judgment after offset for the \$82,000 judgment to Noyes.  However, the parties do not raise this mathematical discrepancy in the appeal and so we do not address it.

[4] We find this issue incorrectly characterizes the district court's amended judgment.  The district court granted Hi-Valley a judgment against Noyes and Kimberly, not against Vigilant.  The court did grant Hi-Valley a lien against Noyes's judgment against Kimberly and Vigilant, but the court did not grant Hi-Valley a judgment against Vigilant itself.

was entitled to a judgment against Kimberly.  Hi-Valley cross-appeals, rebutting the issues Kimberly and Vigilant raise on appeal and claiming that the district court erred (1) in granting Vigilant's Rule 59(e) motion asserting its statute of limitations defense; and (2) in reducing Hi-Valley's claim for attorney's fees. The parties also request attorney's fees associated with bringing their appeals and cross-appeals.

## II.

The district court had jurisdiction pursuant to 40 U.S.C. § 270b (a) and (b), commonly known as the "Miller Act."  This court has jurisdiction pursuant to 28 U.S.C. § 1291.

### A. Vigilant's 59(e) motion asserting statute of limitations.

We review motions to alter or amend a judgment under Rule 59(e) for an abuse of discretion.  Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1331 (10th Cir. 1996).  A district court abuses its discretion if it commits an error of law.  Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 269 F.3d 1149, 1153 (10th Cir. 2001).  We will not disturb a trial court's decision on a Rule 59(e) motion unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).  The

applicability of a statute of limitations is a conclusion of law that we review de novo. Sterlin v. Biomune Sys., 154 F.3d 1191, 1194 (10th Cir. 1998).

Hi-Valley claims that the district court erred in granting Vigilant's Rule 59(e) motion in which Vigilant raised for the first time a statute of limitations defense against Hi-Valley. Because Vigilant's Rule 59(e) motion raised a new issue that could have been raised prior to judgment, we believe that the district court erred in granting the motion.

The statute of limitations under the Miller Act has been interpreted as an affirmative defense, not an issue of jurisdiction. United States ex rel. Automatic Elevator Co. v. Lori Constr., 912 F. Supp. 398, 401 (N.D. Ill. 1996). Therefore, the district court was under no obligation to establish that Hi-Valley's claim against Vigilant came within the statute of limitations; rather, it was Vigilant's responsibility to raise the issue if it intended to claim the defense. Its failure to do so prior to judgment precludes it from relief under a Rule 59(e) motion.

The law in this circuit is clear that a Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." Steele v. Young, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); see also Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or

present evidence that could have been raised prior to the entry of judgment.").

Rule 59(e) motions

> are aimed at <u>re</u>consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.

<u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus.</u>, 37 F.3d 25, 29 (1st Cir. 1994) (internal quotation marks omitted).

We find unavailing Vigilant's argument that the district court properly granted its Rule 59(e) motion because of the "unique circumstance" of the court granting on the first day of trial Hi-Valley's request to amend its complaint in intervention, adding Vigilant as a defendant. Vigilant "could have raised the issue prior to issuance of the judgment," either before the trial started upon receiving Hi-Valley's motion seeking to file an amended complaint, at trial, or in its brief and proposed conclusions of law following trial. <u>Steele</u>, 11 F.3d at 1520, n.1. Its failure to do so precludes relief under Rule 59(e).

We reverse the district court's grant of Vigilant's Rule 59(e) motion and order that the original judgment against Vigilant and Kimberly be reinstated.

B. Noyes's judgment to enforce Hi-Valley's lien.

At oral argument, Hi-Valley stipulated that if we reversed the district court's grant of Vigilant's Rule 59(e) motion, then such a holding would moot the issue of whether the amended judgment's creation of a lien on Hi-Valley's behalf was proper, as Hi-Valley only filed its Rule 59(e) motion because the court granted Vigilant's motion and dismissed Vigilant from the case. Pursuant to this stipulation, we vacate the amended judgment as moot.

C. Sufficiency of the evidence.

Vigilant and Kimberly claim that insufficient evidence supports the district court's ruling that Hi-Valley was entitled to a judgment against Kimberly. This ruling was based on the district court's findings of fact, which we review for clear error. Manning v. United States, 146 F.3d 808, 812 (10th Cir. 1998). Where the evidentiary record is insufficient to permit review of an appellant's claims of error, we must affirm. Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000). Under Fed. R. App. P. 10(b)(2), an appellant claiming that a finding is unsupported by the evidence must include in the record "a transcript of all evidence relevant to such finding or conclusion." Deines v. Vermeer Mfg. Co., 969 F.2d 977, 978-79 (10th Cir. 1992). The record on appeal, however, does not include the transcript of Noyes's testimony at trial, which is evidence relevant to determining whether

Noyes acted as Kimberly's agent in signing sales orders for Hi-Valley's chemicals that were delivered to the V.A. Project. Based on the incomplete record before us, we are unable to review the district court's judgment and must affirm it.[5]

D. Reduction of Hi-Valley's attorney's fees.

Hi-Valley's sales contract for the VA Site provided for attorney's fees in the event of a default.[6] The district court granted attorney's fees to Hi-Valley, but sua sponte halved the fees requested by Hi-Valley without any explanation. We believe that in so doing the district court abused its discretion.

Although the Miller Act itself does not provide for attorney's fees, see F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 126 (1974), superceded in part by statute as stated in U.S. ex rel. Cal's A/C Elec. v. Famous Const. Corp., 34 F.Supp.2d 1042, 1043-44 (W.D. La. 1999), when they are provided for by contract, "the fees are routinely awarded and the contract is enforced according to its terms." United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc., 834 F.2d 1533, 1548 (10th Cir. 1987). We have explained that the award of attorney's fees under federal civil rights or other

_____

[5] We do note, however, that based on the evidence we have before us, there appears to be sufficient evidence to support the judgment.

[6] The sales form stated that the "buyer agrees to pay collection costs including a reasonable attorney's fee . . . in the event of a default."

statutes is "fundamentally different" from the provision for fees between parties in a commercial agreement. Id. at 1547. Where a contract, as opposed to a statute, provides for attorney's fees, the district court should not apply "close scrutiny of awards," but instead should award fees consistent with their contractual purpose: "to give the parties the benefit of [their] bargain." Id. at 1548.

The district court, however, must "determine if the claimed fees are inequitable or unreasonable." Id. at 1549. If the district court so determines, it "has discretion to deny or reduce the fee award." Id.; see also Accusoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001) (recognizing district court's discretion to adjust or deny contractual award of fees if inequitable or unreasonable); United States ex rel. Rent It Co. v. Aetna Cas. & Sur. Co., 988 F.2d 88, 91 (10th Cir. 1993) (same). In exercising its discretion to reduce fees, the district court must provide a "concise but clear explanation" of its reasons for so doing. Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1201 (10th Cir. 1986) (internal quotation marks omitted). "Unless district courts are specific in their reasons for awarding attorneys' fees, we have no adequate basis upon which to review such awards." Joseph A. v. New Mexico Dep't of Human Servs., 28 F.3d 1056, 1061 (10th Cir. 1994). Here, the district court provided absolutely no explanation for its reduction by half of the attorney's fees requested by Hi-Valley. Accordingly, it

- 12 -

abused its discretion and we remand the issue to the district court for a determination of what fees are equitable and reasonable.

On remand, the district court should not "independently calculat[e] a reasonable fee." Western States, 834 F.2d at 1549 (internal quotation marks omitted). Rather, it may choose to use the "familiar factors" from the federal cases awarding fees in a statutory context to "assist in determining if the fees claimed are unreasonable or inequitable," and the court must provide an explanation for any adjustments it makes to the fees claimed. Id. at 1550; see also United States ex rel. Trustees of the Colorado Laborers Health & Welfare Trust Fund v. Expert Env'l Control, Inc., 790 F. Supp. 250, 251-52 (D. Colo. 1992) (noting relevant factors from statutory context district court may use in evaluating fees awarded by contract).

E. Attorney's fees for bringing appeals.

Both parties make cursory requests for appeal-related attorney's fees. However, they have failed to demonstrate why they are entitled to these fees under the contract, why we should exercise our discretion in granting these fees under federal law, or why we should apply Utah law to the provision of appeal-related attorney's fees. Accordingly, their requests are denied. See Inselman v. S & J Operating Co., 44 F.3d 894, 896 (10th Cir. 1995) (denying request for

attorney's fees for responding to appeal because party "offer[ed] no authority on which such an award may be based").

III.

We REVERSE the district court's grant of Kimberly and Vigilant's Rule 59(e) motion removing Vigilant from the judgment in favor of Hi-Valley and against Kimberly and Vigilant and REMAND the issue to the district court with instructions that it reinstate the original judgment. We VACATE portions of the amended judgment that are inconsistent with this ruling. We AFFIRM the district court's determination that Kimberly is liable for the Hi-Valley debt, as we cannot conclude on the record before us that such a determination was clearly erroneous. We VACATE and REMAND the district court's grant of attorney's fees to Hi-Valley, with instructions for the district court to state its reasoning for reducing the fees claimed if it deems them to be unreasonable or inequitable. We DENY both parties' requests for attorney's fees associated with bringing this appeal. Ordered REMANDED consistent with this order.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge
