**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH T. MERCER,

      Plaintiff-Appellant,

v.

JEFFREY KRUG,

      Defendant-Appellee.

No. 02-4241

(D.C. No. 2:01-CV-415-PGC)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **McCONNELL,** Circuit Judges.

Plaintiff Keith Mercer appeals from a jury verdict in favor of defendant Jeffrey

Krug in this personal injury action brought pursuant to the district court's diversity

jurisdiction (28 U.S.C. § 1332). We have jurisdiction pursuant to 28 U.S.C. § 1291 and

affirm.

I.

The accident at issue in this case involved three motorcycles and an approaching

ambulance. Krug, Mercer, and Michael Diana were riding motorcycles through Utah in

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

staggered formation. Krug was the lead rider, riding in the left side of the lane; Diana was the second rider, riding in the right side of the lane; and Mercer was the third rider, riding in the left side of the lane. The riders were traveling between 55 and 65 miles per hour when an ambulance approached from behind at a higher rate of speed. All three riders responded by moving their motorcycles to the right and off the roadway. There is a great deal of dispute about what happened and why, but the result was that Mercer clipped the left side of Krug's motorcycle. Mercer suffered an ankle injury that has necessitated six surgeries and has caused him to miss work.

At trial, Krug, Mercer, and Diana testified as to their recollections of the accident. Both Krug and Mercer also relied on the testimony of an expert in the field of accident reconstruction. At the close of evidence, Mercer moved pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law that Krug acted negligently and that his negligence caused Mercer's injuries. The district court denied the motion. In response to the first question on the special verdict form, the jury found that Krug was not negligent. Mercer's request for a new trial pursuant to Federal Rule of Civil Procedure 59(a) was denied.

## II.

Mercer contends the district court erred in denying his Rule 50(b) motion. Mercer argues that Krug was negligent as a matter of law and seeks remand for a new trial. Alternatively, Mercer contends the district court erred in denying his Rule 59(a) motion

2

and seeks remand for a new trial. Finally, Mercer argues the district court committed reversible error by limiting the cross-examination of Krug's expert, John Steele.

*Motion for judgment as a matter of law*

A district court's denial of a motion for judgment as a matter of law is reviewed de novo, using the same standard as the district court. See Black v. M&W Gear Co., 269 F.3d 1220, 1238 (10th Cir. 2001). "When the party with the burden of proof has moved for judgment as a matter of law, the motion may be granted only where [the movant] has established his case by evidence that the jury would not be at liberty to disbelieve." Id. (internal quotation omitted). "A directed verdict for the party bearing the burden of proof may be granted only if the evidence is such that without weighing the credibility of the witnesses the only reasonable conclusion is in his favor." Hurd v. Am. Hoist & Derrick Co., 734 F.2d 495, 499 (10th Cir. 1984).

Although federal law determines the propriety of a judgment as a matter of law, in a diversity case the sufficiency of the evidence to meet the federal standard is evaluated by reference to the underlying state law. See Magnum Foods, Inc. v. Continental Cas. Co., 36 F.3d 1491, 1503 (10th Cir. 1994). Under Utah law, in order to prevail in an action based on negligence, plaintiff must establish that defendant owed plaintiff a duty, that defendant breached that duty, and that the breach of that duty was a proximate cause of injuries suffered by plaintiff. See Cruz v. Middlekauff Lincoln-Mercury, Inc., 909 P.2d 1252, 1254 (Utah 1996).

3

On appeal, Mercer does not contend that he is entitled to judgment as a matter of law on the issue of proximate cause, but only on the question of negligence. In order to be entitled to judgment as a matter of law on the negligence issue, Mercer was required to establish, by evidence the jury was not at liberty to disbelieve, that Krug breached a duty he owed to Mercer. Although Mercer's expert, Greg Duval, concluded Krug was at fault in the accident, even Duval acknowledged that Mercer might have been following too closely. Duval's testimony was countered by Krug's expert, Steele, who testified that the following distance of Diana and Mercer was the key element that contributed to the accident and that Krug had moved off the road in a safe manner. Taking all of the evidence into consideration, the jury was at liberty to disregard Duval's conclusions about the accident and find that Krug was not negligent.

Mercer argues the jury could not have followed certain jury instructions and still have concluded Krug was not negligent. The record on appeal must contain "all jury instructions when an instruction is an issue on appeal." 10th Cir. R. 10.3(c)(6). The record on appeal contains only part of the jury instructions. See Aplt. App. at 47-53. In any event, consideration of the jury instructions Mercer points to in his brief would not change our analysis. Instruction 12 indicated that under Utah law a person must signal for at least three seconds prior to turning or changing lanes. Id. at 48. However, Instruction 13 provided that a person must immediately yield to an oncoming emergency vehicle. Id. at 49. Further, the jury was instructed that violation of a safety law is

4

evidence of negligence, not that a violation establishes negligence. See id. at 52-53.

*Motion for new trial*

Alternatively, Mercer seeks a new trial, asserting the verdict was against the weight of the evidence. We review the district court's decision to deny a motion for new trial for abuse of discretion. See Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1284 (10th Cir. 1999). We reverse the denial of a motion for new trial only if the "verdict is clearly, decidedly or overwhelmingly against the weight of the evidence," Black v. Hieb's Enters., Inc., 805 F.2d 360, 363 (10th Cir. 1986), and the trial court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances," Hinds v. Gen. Motors Corp., 988 F.2d 1039, 1046 (10th Cir. 1993) (internal quotation omitted).

In the present case, there was conflicting evidence before the jury. There was evidence presented which supported Mercer's contention that Krug was negligent and that his negligence caused the accident, and there was evidence which supported Krug's contention that the negligence of Mercer and Diana caused the accident. Mercer has not established that the jury's verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence. The district court did not abuse its discretion in denying Mercer's motion for new trial.

In spite of the jury's finding that Krug was not negligent, Mercer argues the court erred in failing to direct the jury to proceed to the question of comparative fault. We note that under Utah's comparative fault statute, to recover from Krug, Mercer was required to

show that Krug's fault exceeded his own fault.  See Utah Code Ann. § 78-27-38

(providing that plaintiff's fault does not bar his recovery as long as his fault does not

exceed that of defendant combined with the fault of persons immune from suit).  The jury

did not allocate fault because it found Krug was not negligent.  As a result, it is highly

improbable the jury would have found Krug to be more at fault than Mercer if the district

court had directed the jury to reach the question.

*Limitation of cross-examination of defendant's expert*

When an alleged evidentiary error is preserved properly, we review the district

court's evidentiary rulings for abuse of discretion.  See Hinds, 988 F.2d at 1047.  If we

find error, we will disturb the jury's verdict only if the error affected a "substantial right

of the party."  Fed. R. Evid. 103(a); see also Fed. R. Civ. P. 61.  To preserve an

evidentiary issue for review, "the substance of the evidence" must be "made known to the

court by offer," or be "apparent from the context within which questions were asked."

Fed. R. Evid. 103(a).

Absent a showing of plain error, we will affirm a district court's exclusion of

evidence when a proponent fails to make a necessary offer of proof, see Polys v. Trans-

Colorado Airlines, Inc., 941 F.2d 1404, 1411 (10th Cir. 1991), or when an inadequate

offer of proof is made, see Inselman v. S&J Operating Co., 44 F.3d 894, 896 (10th Cir.

1995).  An offer of proof has two purposes – to allow the district court to make an

informed decision, and to create a clear record for the appellate court to review.  See

Polys, 941 F.2d at 1406-07.

Steele, Krug's accident reconstruction specialist, testified that Krug safely moved off the roadway in response to the ambulance. According to Steele, the "key element and the paramount element" contributing to the crash was the following distance of Diana and Mercer. Aplee. App. at 391. Steele testified that it was Mercer's responsibility to "maintain a following distance, to maintain that safe net between the front rider," id. at 392, and that Mercer's assumption about where Krug and Diana would stop did not relieve Mercer of his duty to maintain a safe following distance. Steele testified that Krug did not need to brake "so hard" but that, nevertheless, Diana and Mercer were best able to control the situation "prior to the emergency ever even presenting itself." Id. at 396-97.

Mercer sought to cross-examine Steele with regard to Steele's deposition testimony in a previous case involving a collision between two motorcycles riding in formation. Krug objected on relevancy grounds and the district court sustained the objection. Mercer's brief oral offer of proof was that, in the previous case (1) Steele was testifying on behalf of a trailing rider; (2) it was alleged that the lead rider made a sudden movement and the trailing rider slid into the lead rider; and (3) Steele had expressed an opinion contrary to the one expressed in this case. Krug's counsel contended that he had represented a party in the previous case, that Steele had not formed an opinion in the previous case, and that the previous case was not analogous. Mercer did not offer Steele's actual deposition testimony or any other details about the previous case. The

7

district court concluded the evidence was irrelevant and that, even if it was relevant, it was excludable under Federal Rule of Evidence 403 as more prejudicial than probative.

Mercer argues that Steele's deposition testimony from the previous case is "clearly" relevant and that its probative value "clearly" outweighs any "Rule 403 consideration." Aplt. Br. at 35. Krug states that "[e]very accident is unique with its own set of facts and circumstance[s], its own witnesses and their own perception." Aplee. Br. at 22. Here, the relevance and probative value of Steele's prior testimony would turn on the similarity of the facts and circumstances of the two cases. Mercer's offer of proof was conclusory in nature and revealed very little about the previous case, and the actual deposition testimony from the previous case was not made a part of the record on appeal. After Mercer's offer of proof, defense counsel disputed whether Steele had formed any opinion in the previous case and argued the previous case was not analogous.

Because Mercer's offer of proof was inadequate, we review the record for plain error. See Polys, 941 F.2d at 1410. In civil cases, the plain error exception "has been limited to errors which seriously affect the fairness, integrity or public reputation of judicial proceedings." McEwen v. City of Norman, Okla., 926 F.2d 1539, 1545 (10th Cir. 1991) (internal quotation omitted). The record in this case does not reveal any plain error. Even if we would conclude that Mercer's offer of proof was adequate, we cannot conclude that the district court abused its discretion or that the court's limitation affected Mercer's substantial rights because the record does not disclose the substance of the

8

evidence that was excluded.

Mercer's reliance on McConnell v. United States, 393 F.2d 404 (5th Cir. 1968) is misplaced. In McConnell, the court reversed McConnell's conviction for forgery, holding that the district court committed reversible error in refusing to allow cross-examination of the government's handwriting expert about a possible prior inconsistent statement. Our present case is a civil case and McConnell appears to turn to some extent on the fact that it was a criminal case (stating "in *criminal* cases great latitude is generally permitted in the cross-examination of a prosecution witness in order to test his credibility, especially as to any prior inconsistent statement which could be used in an effort to impeach him," id. at 406 (emphasis added)). Further, in McConnell, the offer of proof clearly established that the expert's prior statement was directly relevant because the proffered prior testimony involved McConnell's handwriting. The government's expert had testified against McConnell in a similar case and had made a mistake in identifying McConnell's handwriting in that case. Thus, the court concluded the district court committed reversible error in not allowing cross-examination of the government's expert "on the question of a possible prior inconsistent opinion *involving the handwriting of this same defendant*, and on the issue of his credibility and expertise." Id. at 407 (emphasis added).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge